## WILSON *v.* GREEN.

FISH, C. J. 1. A bill of exceptions was originally tendered for certification in time, and was returned by the judge to counsel for plaintiff in error for correction. After being corrected it was retendered and certified within twenty days from its return. *Held,* that the delay ·in retendering was not unreasonable. *Atkins* v. *Winter,* 121 *Ga.* 75 (48 S. E. 717). See also *Meador* v. *Callicott,* 129 *Ga.* 631 (60 S. E. 863); *Kent* v. *Geiger,* 138 *Ga.* 248 (75 S. E. 104).

2. This was an action to enjoin the defendant from polluting a non-navigable stream by emptying therein sewage and other filthy matter. On an interlocutory hearing the plaintiff submitted evidence tending to show that he had rights in the stream as a riparian owner, and that he had title to certain land bounded on the east by the stream, by prescription under color of title, and that a line between his land and that of the defendant had been agreed on between them, which placed the stream where the plaintiff claimed on his land. The defendant admitted discharging sewage into the stream, denied ever agreeing upon a line as the plaintiff claimed, and sought to set up title in himself to all of the stream, both at the place where the sewage was discharged into it and where the plaintiff claimed to own it. Defendant contended that the place whereon James Bleckley resided at the time of his death included the entire stream at the place where the plaintiff claimed an interest in it; and defendant sought to show title by conveyances from the other heirs at law of James Bleckley. Defendant put in evidence a deed from Mrs. Wall to John W. Green, conveying the premises of which James Bleckley died seized and possessed. Defendant was permitted to put in two other deeds conveying the premises where James Bleckley resided at the time of his death, one of which was from V. A. Green, as administrator of John W. Green, to Mrs. S. R. Green, and the other from Mrs. S. R. Green to V. A. Green, the defendant. Neither of these deeds had been recorded, nor was any evidence submitted as to the proof of their execution. They were admitted over the objection of the plaintiff that they had not been recorded nor was their execution proved. Plaintiff objected to the following statements in an affidavit of Mrs. Wall, which was put in evidence by defendant, to wit: "The tract of land described in the answer of the defendant, V. A. Green, was a part of my father's (James Bleckley's) estate." "The line of the land of said Wilson [plaintiff] never did extend to said branch." "Said Wilson and his predecessors in title never did own said branch or to the center or thread of said

branch." "That said branch in question was owned by my father, James Bleckley." "That my father, James Bleckley, reserved said branch." The objections made to these statements were that they were conclusions of the witness and an effort to prove title to land by parol evidence, and that the deeds were the highest and best evidence. Plaintiff objected to the statement in the affidavit of the defendant, V. A. Green, that "The title to the property or branch in dispute was at that time in John W. Green, now deceased," the objection being that title to land could not be proved by such a statement. The objections to these statements in the affidavits of Mrs. Wall and V. A. Green were overruled. *Held:* (1) The court erred in admitting in evidence the two deeds above referred to, which had not been recorded nor the execution thereof proved. (2) While the rule as to the admissibility of evidence on interlocutory hearings has been held not to be in all particulars as strict as on jury trials, and while parol evidence is admissible to apply certain written statements to their subject-matter, the statements in the affidavits above referred to were not admissible in evidence under either of the rules just stated. (3) The errors pointed out were material and went to the very heart of the contention between the parties; and this court can not with any certainty know what would have been the decision of the judge had such illegal evidence been excluded. It is not intended to indicate that a temporary injunction should be granted; but the judgment refusing such an injunction is reversed, with direction that another hearing may be had in view of the rulings here made.

*Judgment reversed. All the Justices concur.*

JUNE 10, 1914.

Petition for injunction. Before Judge Jones. Rabun superior court. March 4, 1914.

*W. S. Paris* and *Joseph T. Davis,* for plaintiff.

*G. L. Bynum* and *Thad L. Bynum,* for defendant.