## 28616. DOBY et al. v. BROWN et al.

HALL, Justice.

Mark Brown filed a petition for mandamus to require the Gwinnett County Commissioners to repair and maintain a described road in compliance with Code §§ 95-105 and 95-408. The County Commissioners answered stating that they were willing to comply with their duties if the road were determined to be a public road. They prayed for a jury trial and for joinder of all the landowners adjoining the road. Crawford Doby, Fred H. Payne, and Mrs. O. O. Simpson, adjoining landowners subsequently joined as defendants, filed their answer denying that the road was a public road.

The jury found that the road was a public road. Doby and the other adjoining landowners appeal from the judgment entered on this verdict. They enumerate as error the denial of their motion for new trial, and the denial of their motion for directed verdict.

The controlling statute is Code § 85-410: "If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes."

"The intention to dedicate need not be shown by an express declaration, but may be inferred from acquiescence in the public use of the property. Acceptance likewise need not be express, but if the property be improved and maintained by the authorized public authorities and used by the public for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment, the dedication is complete." *Lowry v. Rosenfeld,* 213 Ga. 60, 63 (96 SE2d 581). Accord, *Hyde v. Chappell,* 194 Ga. 536, 542 (22 SE2d 313).

Mere non-user does not work a forfeiture of the right to the use of a public road. *Northington v. Candler,* 211 Ga. 410 (2) (86 SE2d 325).

There was evidence before the jury that the road in question in the present case had been used by the public

for as long as 60 years, and that the county had maintained it prior to World War II. There was also evidence that on the petition of one of the appellants that the road be discontinued, the Gwinnett County Commissioners, in 1967, entered an order that the road "remain a public road of Gwinnett County." There was evidence of use and maintenance until three or four years preceding the petition for mandamus, when the road was blocked by one of the appellants so that it was impassable.

The jury was authorized to find from the evidence that long usage of the road would imply its dedication to the public, and there was evidence of maintenance by the public authorities to show their acceptance of the road as a public road.

The verdict was authorized by the evidence, and it was not error to deny appellants' new trial and directed verdict motions. *Fountain v. Bryan,* 229 Ga. 120 (3) (189 SE2d 400).

*Judgment affirmed. All the Justices concur.*

Argued February 12, 1974 — Decided April 4, 1974.

*Harrison & Garner, G. Hughel Harrison,* for appellants.

*Gibson Dean, II, Stark, Stark & Henderson, Homer Stark,* for appellees.