## 30266. REED et al. v. BROCK et al.

NICHOLS, Chief Justice.

The plaintiffs-appellants filed suit against the defendants-appellees in which they sought injunctive relief requiring appellees to restore a disputed road to the condition existing prior to appellees' purchase and entry on the land. The complaint alleged in part: "Plaintiffs show that their sole access to said property is furnished through an historic road in continuous use since 1878 from the south across lands possessed and purportedly owned by the defendants . . ." The appellees' answer disputed the allegations with respect to the strip of land being a public road and being the sole access to appellants' property. They further alleged that the appellants were not landlocked, in that there were other proper means of ingress and egress to said property and that the strip of land in question was a private driveway. The appellees also sought an injunction prohibiting the appellants from entering their property, and damages.

A pre-trial order was entered which read in part as follows: "1. It is stipulated that [the] issue to be determined in this case is: (1) Whether the alleged road is a public road. (2) If so whether the plaintiffs have been damaged, and if so the amount of damages that plaintiffs are entitled to recover from the defendants. (3) If the alleged road is not a public road, whether the defendants have been damaged by the plaintiffs, and if so, the amount of damages suffered by the defendants by reason of the acts of the plaintiffs. 2. It is further stipulated that if the jury finds for the plaintiffs, a permanent injunction will issue in behalf of the plaintiffs, as prayed. 3. If the jury find for the defendants, a permanent injunction will issue for the defendants, as prayed in the counterclaim."

The jury trying the case returned a verdict for the defendants-appellees but did not award damages as sought in the counterclaim.

After the jury returned its verdict, the trial court decreed that the road in question "is declared to be the private property of defendants . . . [and] . . . that the plaintiffs be and they are hereby permanently enjoined and restrained from crossing, going on, traversing, or

trespassing upon the defendants' property or said roadway, traversing defendants' property, and interfering in any way with the access to said private road, and are further enjoined from impeding, preventing the use of or obstructing in any way whatsoever the private road decreed to be the property of the defendants." The appeal is from this judgment.

1. The first enumeration of error complains of the following excerpt from the court's charge. "In the absence of some proof by plaintiffs that the county governing authorities accepted the road as a public road, there is a presumption of law that dedication, if it ever existed, had been declined. This charge was a correct statement of the law. See *Hames v. City of Marietta,* 212 Ga. 331 (92 SE2d 534) and citations. Compare *Doby v. Brown,* 232 Ga. 42 (205 SE2d 299).

This excerpt from the charge did not, as contended by the appellants, infer to the jury that the appellants had failed to produce evidence of acceptance by the county authorities.

2. Enumerations of error numbered 2 through 5 complain of the refusal of the trial court to give four separate requests to charge submitted by the plaintiffs.

The request to charge numbered 8 (dealt with in enumeration of error number 2) is an incomplete statement of law and was argumentative.

Enumeration of error numbered 3 complains that the trial court refused to give in charge a request to the effect that once a road becomes a public road subsequent lack of use by the public does not forfeit the road's status as a public road and abandonment of a road likewise does not constitute forfeiture of its status as a public road, since to discontinue a public road, proceedings must be had on proper written application with notice to all who may reside on land through which the road runs, etc. Pretermitting the question of whether the requested charge was a correct statement of the law, the charge was not applicable where the issue was whether the road ever became a public road and not whether it had been abandoned as a public road. The trial court did not err in refusing to give this requested charge. For this same reason the failure to give the charge requested with

reference to affirmative action being necessary to discontinue an existing public road (enumeration of error numbered 5) was not error.

Pretermitting the question of whether the definitions of "road" and "highway" were correct, it was not error in this case to fail to define these terms (enumeration of error numbered 4) for the benefit of the jury where such definitions would be immaterial in the jury's deliberations as to whether or not the road was a "public road."

3. The sixth enumeration of error complains of an excerpt of the court's recharge to the jury after some three hours of deliberation and announcement by the foreman that he did not believe further deliberations would do any good. The recharge in this case was, for all practical purposes, the same as that dealt with in *Spaulding v. State,* 232 Ga. 411 (4) (207 SE2d 43), and held to be a proper charge. This enumeration of error is without merit.

4. The seventh enumeration of error complains that the trial court erred in permitting, over objection, one of the defendants to testify calling the "road" a "driveway." When this objection was made, the trial court explained that the question for the jury was whether or not the road was "public" and that calling it a "driveway" would have nothing to do with the jury's decision as to whether or not it was public or private. This enumeration of error is without merit.

5. Enumeration of error numbered 8 complains that the trial court erred in refusing to admit in evidence a map tendered by appellants. While there was testimony that this map had been stored in a locked room in the courthouse for a period of time, the testimony sought to be used to establish its authenticity was that of a former county commissioner whose memory was vague and whose eyesight had deteriorated to the point that he could not identify what the map purportedly showed. Under such circumstances it was not error to refuse to admit such map in evidence.

6. The final enumeration of error contends that the trial court permitted, over objection, appellees' counsel to flagrantly misstate the evidence that had been previously adduced on the trial in questioning witnesses.

In support of this enumeration of error, the appellants cite two incidents during the trial to support such contention. On one occasion a witness for the appellants was being cross examined by counsel for the appellees as to whether she remembered stated testimony adduced earlier in the trial. After the objection was overruled, the witness replied that she did not remember such testimony. On the other occasion counsel referred to the "road" in question as a "driveway" and after objection the question was reworded so as to refer to such area as a "road." Under such circumstances no harmful error is shown where the trial court, in the first instance, stated in the presence of the jury: "Well the jury, of course, will remember what the evidence is . . ." and where on the second incident the question objected to was reworded.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 4, 1975 — DECIDED SEPTEMBER 23, 1975.

*Brown, Harris & Hartman, Don L. Hartman, Larry D. Ruskaup,* for appellants.

*George W. Adams, Lindsay H. Bennett, Jr., Ronald R. Womack,* for appellees.