60010. SMITH v. FORRESTER et al.

SOGNIER, Judge.

This action by Mrs. Jimmy H. Smith arose when appellee Forrester obtained a judgment against Mrs. Smith's husband for breach of a contract to purchase a mobile home. See *Smith v. Forrester,* 145 Ga. App. 281 (243 SE2d 575) (1978) (U. S. cert. den. 439 U. S. 863). Mrs. Smith then brought suit against Forrester, appellee Hopkins, who represented Forrester in the first action, and appellee Hamilton, who testified on behalf of Forrester at that trial. Mrs. Smith alleged that appellees conspired to commit criminal trespass by illegally entering upon land owned by her and forceably entering into the mobile home owned by Mrs. Smith and her husband; other counts of her complaint alleged fraud, perjury and slander. Appellees' answer denied all charges, and Forrester and Hamilton filed counterclaims. Subsequently, appellees filed a joint motion for summary judgment. Mrs. Smith filed a brief in opposition to appellees' motion and amended her complaint to allege civil trespass and conspiracy to commit civil trespass, apparently abandoning all other allegations. This pro se appeal is from the trial court's order granting appellees' motion for summary judgment. Upon review of the record, as supplemented by order of this court, we affirm.

1. Mrs. Smith contends the trial court erred by ruling that she failed to prove title or possession of the property upon which the trespass was alleged to have occurred. However, "[i]n order to maintain an action of trespass as to a tract of land, it is necessary for the plaintiff to show title in himself, or possession; and when he relies upon possession alone as a basis for recovery, it must be actual possession of that portion of the tract upon which the alleged wrong was committed." *Tolnas v. Pope,* 212 Ga. 50 (1) (90 SE2d 420) (1955).

Mrs. Smith testified by deposition that at the time her husband agreed to purchase the mobile home and in order to secure financing, he deeded to Forrester's company one acre of land where the mobile home was to be placed. Despite this testimony, she argues that a genuine issue of material fact was created by her affidavit in opposition to the motion for summary judgment in which she claimed to be the legal owner of the property in question. She also relies upon a "soil map" prepared by the Soil Conservation Service of the U. S. Department of Agriculture denominating Mrs. Jimmy Smith as the owner of an unidentified tract of land in Jackson County, Georgia, and a document purporting to be a trust agreement between her husband and herself conveying 46 acres of land in Jackson County (including the one acre at issue) to Mrs. Smith as trustee for Jimmy H. Smith, Jr.

In her affidavit Mrs. Smith swore that she was "the legal owner of the tract of land whereupon the [appellees] . . . committed trespass." However, "it is clearly the law that answers, depositions or affidavits containing mere legal conclusions and allegations present no issues of fact on a motion for summary judgment. An affidavit in contravention of a motion for summary judgment must state more than mere conclusions; it must state specific adverse facts." *Hyman v. Horwitz,* 148 Ga. App. 647, 649 (1) (252 SE2d 74) (1979). See also *A. R. Hudson Realty v. Hood,* 151 Ga. App. 778, 782 (3) (262 SE2d 189) (1979).

The trial court ruled correctly that the "soil map" did not create a genuine issue of material fact as to Mrs. Smith's title to the land. This map, which appears to be an aerial photograph of land, was not connected in any way with the acre of land upon which the alleged trespass was committed. There was no evidence that this map purported to depict the land in question, and nothing was introduced to verify that the map was official or correct, or was a fair representation of what it purported to show. The law is firmly established that such a paper is inadmissible in evidence. *Parker v. Salmons,* 113 Ga. 1167 (3) (39 SE 475) (1901); *Bower v. Cohen,* 126 Ga. 35 (4) (54 SE 918) (1906); *Reed v. Brock,* 235 Ga. 248, 250 (5) (219 SE2d 148) (1975); *Swiney v. State Hwy. Dept.,* 116 Ga. App. 667 (2) (158 SE2d 321) (1967) and cases cited.

Mrs. Smith's reliance upon the "Trust Agreement" to establish title is also misplaced. This document apparently was not filed in the superior court at the time the trial judge entered his order, but was submitted to this court by Mrs. Smith as an attachment to a brief, rather than being included in the record transmitted on appeal by the clerk of the trial court. Even if the paper had been before the trial court it could not have been considered as competent evidence for the purpose of opposing the motion for summary judgment. A deed need not be recorded to be admissible if the proper foundation is laid. *Moody v. Moody,* 241 Ga. 286 (244 SE2d 875) (1978). Such a foundation can be laid if the party executing the deed testified to its execution in accordance with Code Ann. § 38-706, or the witnesses to the deed are examined as to its execution. See *Howard v. Russell,* 104 Ga. 230 (2) (30 SE 802) (1898). See also *Wilson v. Green,* 141 Ga. 790, 791 (1) (82 SE 241) (1914). Mrs. Smith presented no sworn affidavits nor testimony to lay the foundation for the "Trust Agreement" conveying the property to her.

Finally, Mrs. Smith's statement in her affidavit that she was in possession of the property in question was a legal conclusion which was insufficient to refute her deposition admission that no one was living in the mobile home at the time of the alleged trespass. *Hyman*

*v. Horwitz,* supra. The fact that she swore she was "in and about the premises the day before the trespass" and that there were "cattle grazing upon said tract of land when the trespass occurred" failed to create an issue of *actual* possession. "[W]hen [appellant] relies upon possession alone as a basis for recovery, it must be *actual* possession of that portion of the tract upon which the alleged wrong was committed." (Emphasis supplied.) *Tolnas v. Pope,* supra at 50 (1); *Bennett v. Rewis,* 212 Ga. 800, 801 (96 SE2d 257) (1957) and cases cited. Mrs. Smith presented no competent evidence to create a genuine issue of material fact in contravention of her own testimony, which established that she did not have title to, nor actual possession of, the acre of land in question.

2. Appellees Forrester and Hamilton urge that Mrs. Smith's appeal be dismissed for failure to obtain a certificate of immediate review in compliance with the interlocutory appeal procedure set forth in Code Ann. § 6-701 (a) 2. They contend that since their counterclaims are pending below, the ruling on appellees' motion for summary judgment is not a final judgment. However, an order granting summary judgment on any issue or as to any party is directly appealable under Code Ann. § 81A-156 (h). *Walter E. Heller & Co. v. Color-Set, Inc.,* 152 Ga. App. 347 (262 SE2d 614) (1979).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JULY 7, 1980 — DECIDED OCTOBER 10, 1980.

Mrs. Jimmy H. Smith, *pro se.*

Sam S. Harben, Jr., J. Nathan Deal, William E. Hoffmann, Jr., for appellees.