### 45850.  EDMONDSON v. AIR SERVICE COMPANY.

DEEN, Judge. 1. Where, on default in instalment payments, property subject to a security interest is repossessed by the seller, if the seller thereafter wishes to dispose of such collateral at public or private sale and, on its failure to bring an amount sufficient to pay the balance due on the debt, secure a deficiency judgment against the purchaser for the balance, he must follow *Code Ann.* § 109A-9—504 (3), so that if the property is sold at private sale, "reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor." Compliance with this requirement is a condition precedent to recovery of any deficiency between the sale price of the collateral and the amount of the unpaid balance. *Braswell v. American Nat. Bank,* 117 Ga. App. 699 (161 SE2d 420).

2. Before any presumption arises that a letter has been received through the mails it must be shown that "the letter (1) was written; (2) was properly addressed to the party; (3) contained the correct postage; and (4) was duly mailed in the United States Post Office." *Watkins Products v. England,* 123 Ga. App. 179 (1), and see *National Bldg. Assn. v. Quin,* 120 Ga. 358 (3) (47 SE 962); *Bankers Mut. Cas. Co. v. Peoples Bank,* 127 Ga. 326 (2) (56 SE 429); *Barnett v. Floyd County Nova Kola Bottling Co.,* 18 Ga. App. 413 (1) (89 SE 490).

3. Applying the foregoing law to the facts of this case, where it appears that the only attempt made by the plaintiff to notify

the defendant of the time of a private sale of a backhoe which it had repossessed was by a letter addressed to the defendant and mailed by certified mail and that the letter was returned to the sender marked unclaimed and stamped "Postage Due 9 Cents," there is no duty on the defendant to show that he did not wilfully refuse the letter because it affirmatively appears that the postage was inadequate. There is no duty on the recipient to pay the difference, or on the United States Post Office to deliver it under these circumstances. It therefore appears without dispute that the defendant did not receive the notification required under *Code Ann.* § 109A-9—504.

Appellee contends that the requirement "reasonable notification . . . shall be sent" is met when the creditor proves he wrote the letter in question regardless of whether it was received or not, and regardless of whether a presumption of receipt arises or not. Such a construction would obviously destroy the efficacy of any notice provision, and no case that we have examined has gone so far. Some statutory provisions regarding notice are met only when actual notice is given, some are fulfilled by proof of constructive notice, and some rely on a presumption of actual notice arising by proof that the letter was written, properly stamped, properly addressed, and properly mailed. Notification is not "sent" within the meaning of the statute where these procedures are not observed.

4. It is also contended that *Braswell v. American Nat. Bank,* 117 Ga. App. 699, supra, involved a situation where the security instrument was a conditional-sale contract, and that the rule there stated should not apply to a straight loan of money where personal property is pledged as collateral. Nothing in the case, the citations therein, or the statute suggests that it is relevant to the problem to ascertain whether the security agreement represents purchase money or not. In the few instances in our law where a distinction has been made it has been in the direction of giving the creditor additional rights based on a vendor's lien. No justification appears for making such a distinction under *Code Ann.* § 109A-9—504 in favor of a secured creditor merely because he is not the vendor of the collateral.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*

ARGUED JANUARY 4, 1971—DECIDED FEBRUARY 4, 1971.

*Albert A. Roberts,* for appellant.
*Adolphus B. Orthwein, Jr.,* for appellee.