## 48829. GEOGHAGAN v. COMMERCIAL CREDIT CORPORATION.

EBERHARDT, Presiding Judge. This is a suit for a deficiency judgment against a purchaser of a boat and trailer who defaulted in making payment under a retail instalment contract reserving a security interest in the seller. Notice as to private sale of the repossessed collateral setting forth defendant's right to redemption, to demand public sale, etc., was addressed by the seller's assignee (plaintiff-appellee) to defendant at his last known address, which was also the address listed on the contract, and sent by certified mail with return receipt services requested which would show to whom, date, and where delivered, with delivery to be made to addressee only. The letter was returned to plaintiff marked "unclaimed" by the U. S. Postal Service. Plaintiff moved for summary judgment for the amount of the deficiency balance remaining after private sale of the collateral and in opposition defendant submitted his affidavit stating that he was out of town working on a job, that he never received the notice, and that on numerous occasions the postman had put mail addressed to him in mail boxes of people who lived blocks away from him.

The trial court granted summary judgment to plaintiff for the deficiency balance, and defendant appeals. *Held:*

1. "Where, on default in instalment payments, property subject to a security interest is repossessed by the seller, if the seller thereafter wishes to dispose of such collateral at public or private sale and, on its failure to bring an amount sufficient to pay the balance due on the debt, secure a deficiency judgment against the purchaser for the balance, he must follow Code Ann. § 109A-9—504 (3), so that if the property is sold at private sale, 'reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.' Compliance with this requirement is a condition precedent to recovery of any deficiency between the sale price of the collateral and the amount of the unpaid balance. *Braswell v. American Nat. Bank,* 117 Ga. App. 699 (161 SE2d 420)." *Edmondson v. Air Service Co.,* 123 Ga. App. 263 (1) (180 SE2d 589).

2. The question thus arises as to what constitutes the sending of "reasonable notification" under § 109A-9—504 (3). While the

Uniform Commercial Code states the conditions under which a person "notifies" another, or "gives" or "sends" a notice, and when a person "receives" a notice (UCC § 109A-1—201 (26, 38)), "'Reasonable notification' is not defined in this Article [Secured Transactions]; at a minimum it must be sent in such time that persons entitled to receive it will have sufficient time to take appropriate steps to protect their interests by taking part in the sale or other disposition if they so desire." UCC § 9-504, comment 5, 1962 Official Text. Thus the purpose of the notification requirements of § 109A-9—504 (3) is to afford the debtor an opportunity to protect his interests at the sale or to redeem under § 109A-9—506 prior to the sale, and hence the holding in *Braswell,* supra, "that the act of the secured party, in selling the collateral without strict compliance with the notice of sale provisions, precludes the purchaser or owner from exercising his right of redemption under Section 109A-9—506, and for that reason the secured party cannot recover for the deficiency."

*Motor Contract Co. v. Sawyer,* 123 Ga. App. 207 (3) (180 SE2d 282), and *Smith v. Singleton,* 124 Ga. App. 394 (1) (184 SE2d 26) are of no help here as to the sending of "reasonable notification" since the notices in those cases were sent by certified mail and were actually received by the debtor in *Sawyer* and presumptively received by him in *Smith.* However, in *Steelman v. Associates Discount Corp.,* 121 Ga. App. 649 (175 SE2d 62), this court undertook to determine whether notification sent by certified mail and receipted for by the addressee's sister-in-law as the addressee's agent constituted the sending of "reasonable notification" as required by § 109A-9—504 (3).[1] Citing § 109A-1—201 (26) supra, defining "'notifies' or 'gives' a notice," we held that the requirement of reasonable notification was complied with. But in *Edmondson v. Air Service Co.,* 123 Ga. App.

---

[1] It was also stated in that case that by virtue of § 109A-9—113, "the rights of a secured party in possession of the security on default of the debtor are governed by Article 2 [Sales] of the Uniform Commercial Code," and the notification requirements of § 109A-2—706 (3) were quoted as well as those of § 109A-9—504 (3). The case is criticized by Professor Kock in 23 Mer. L. Rev. 13 for not properly deciding the type of transaction involved, which called for the Article 9 remedy rather than the Article 2 remedy as indicated by this court.

263, we held that "where it appears that the only attempt made by the plaintiff to notify the defendant of the time of a private sale of a backhoe which it had repossessed was by a letter addressed to the defendant and mailed by certified mail and that the letter was returned to the sender marked unclaimed and stamped 'Postage Due 9 Cents,' there is no duty on the defendant to show that he did not wilfully refuse the latter because it affirmatively appears that the postage was inadequate. There is no duty on the recipient to pay the difference, or on the United States Post Office to deliver it under these circumstances. It therefore appears without dispute that the defendant did not receive the notification required under Code Ann. § 109A-9—504. Appellee contends that the requirement 'reasonable notification . . . shall be sent' is met when the creditor proves he wrote the letter in question regardless of whether it was received or not, and regardless of whether a presumption of receipt arises or not. Such a construction would obviously destroy the efficacy of any notice provision, and no case that we have examined has gone so far."

3. Since as we have seen "reasonable notification" is not defined in Article 9, and its purpose is to afford the debtor an opportunity to protect his interests at the sale or to redeem prior thereto, the question of whether "reasonable notification of the time after which any private sale or other intended disposition is to be made [has been] sent by the secured party to the debtor" (UCC § 109A-9—504 (3)) cannot be determined solely on the definitional basis of § 109A-1—201 (26, 38). Section 109A-1—203 provides that "Every . . . duty within this Act imposes an obligation of good faith in its performance or enforcement," and it is our view that the duties of the secured party with reference to the sale of collateral after default imposes the obligation of good faith in the performance of those duties. Accord: UCC §§ 109A-2—706 (1), 109A-9—504 (1). " 'Good faith' means honesty in fact in the conduct or transaction concerned." UCC § 109A-2—201 (19).

In the instant case the notice was sent (§ 109A-1—201 (38)) on May 9, 1972, notifying defendant that a private sale would be held on or after May 19, 1972. The sale was actually had on August 30, 1972, almost four months after the notice was mailed. In the affidavit submitted in support of plaintiff's motion for summary judgment, plaintiff's claims manager stated that "This certified mail was returned to Commercial Credit Corporation as

unclaimed." The documents in the record show that the notice was returned marked "unclaimed" rather than "refused," but we cannot determine from the record whether the notice was returned prior to or after the sale. If returned prior to the sale, as would appear to be the case from the length of time elapsing between mailing and the sale, we would be constrained to hold that plaintiff had not in good faith performed its obligations in disposing of the collateral. Since this is plaintiff's motion for summary judgment, and it has not carried its burden of showing when the notice was returned, the order granting it summary judgment for the deficiency balance must be reversed.

*Judgment reversed. Pannell and Evans, JJ., concur.*

SUBMITTED JANUARY 10, 1974 — DECIDED FEBRUARY 8, 1974.

*William F. Braziel,* for appellant.
*Ronald C. Crawford,* for appellee.