*V. Lines, Thomas W. Hayes, Assistant District Attorneys,* for appellee.

62373. VEITCH v. NATIONAL BANK OF GEORGIA.

DEEN, Presiding Judge.

Veitch appeals from the grant of a deficiency judgment to the appellee after repossession and sale of his automobile following default in payment. The enumerations of error all raise a single question: the sufficiency of the evidence to show compliance with Code § 96-1007, which requires that the seller of a motor vehicle repossessed after default is not entitled to recover a deficiency unless within 10 days he sends notice by certified mail "to the address of the buyer shown on the contract, or later designated by said buyer" of his intention to do so.

The contract address given was "2650 Bentley Rd., Marietta, Georgia 30067." After default, appellee investigated the location of the vehicle and found that defendant Veitch lived at 2650 Bentley Road, Marietta, Georgia, an apartment complex, in Apartment 19-D. Prior checks from Veitch to the appellee had printed thereon his address as "2650 Bentley Rd., Apt. 19-D, Marietta, Georgia, 30066." The bank, treating this as the appellant's designated correct address, forwarded the certified 10-day letter there on December 7. It was returned to sender. The claim check recorded postal notices dated December 8 and December 13 plus failure to deliver because addressee unknown. The bank then sent a duplicate letter to the same address by first class mail. This letter was not returned nor was another letter which was mailed the following month.

Code § 96-1007 requires that the notice by certified mail be sent, but does not make its receipt a condition precedent to the deficiency resale. It does specify that it be sent to the contract address or that "later designated by said buyer." Except for the addition of the apartment number which is not contested the only change in address is that taken from the buyer's printed check showing his zip code to be 30066 rather than 30067. The stamped reason for failure to deliver the letter appearing on the envelope is not "insufficient address" but "unknown." Nevertheless, two letters sent by ordinary first class mail were not returned and were therefore presumably delivered to the address. The evidence is sufficient to support a finding that the printed address on the defendant's checks was a designated address (he filled out the checks and if the address was in error could easily have

changed it or marked it out); that the notice of certified mail was left at the address (two notice dates appear on the claim check); that the failure of delivery of the certified letter was not the fault of the sender and that there had been compliance with Code §§ 96-1007 and 109A-9—504 pertaining to notice. In fact, under all the evidence a permissible inference arises that the notice of certified mail was left at the defendant's address twice, on December 8 and 13. The postal claim check was admitted in evidence without objection and cannot be attacked at this late date. *Brown v. State,* 226 Ga. 114 (3) (172 SE2d 666) (1970). "Where the trial judge sits as trier of fact, his judgment will not be disturbed if there is any evidence to support it." *Slocum v. First National Bank,* 152 Ga. App. 632, 634 (263 SE2d 516) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

*Larry W. Yarbrough,* for appellant.
*Stephen J. Knezo, Wayne C. Crowe,* for appellee.