## 66082. HOLLOMAN v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary. On appeal he contends the trial court erred (1) by allowing evidence of an independent crime; (2) by improperly restricting appellant's cross-examination; and (3) by allowing a state witness to present hearsay testimony.

Leila Kelly returned to her trailer home from work on the evening of January 7, 1982 and discovered it had been broken into and burglarized. A console color TV set, a small black and white TV set, a burglar alarm and a bottle of rum were missing. Ronnie Hills testified that he took appellant to the home of Jimmy Mann, where appellant pawned the TV sets and burglar alarm stolen from Mrs. Kelly.

1. Brian Jones testified that on December 14, 1981 his trailer was broken into and burglarized; a black and white TV set, some jewelry, a Pioneer stereo, a portable Montgomery Ward cassette radio and a Sanyo tape deck were missing. The stereo, radio cassette, and the Sanyo tape deck were recovered from Jimmy Mann's home. Mann testified that appellant brought those items to Mann's home and pawned them. Appellant objected to all testimony relating to the burglary of Jones' trailer on the ground that it was not a similar offense and it was not shown that appellant was connected to the burglary.

Evidence of another crime is not admissible unless some logical connection can be shown between it and the crime charged, when proof of one tends to establish the other, other than by showing bad character. *Johnson v. State,* 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978). Such evidence is admissible to show motive, plan, scheme, bent of mind or course of conduct. Id.

In the instant case the offenses were both committed in a similar manner, the type property stolen was similar, and the stolen property

was pawned by appellant with the same person. Thus, there was sufficient similarity between the two burglaries to make evidence of the Jones' burglary admissible to show appellant's motive, bent of mind and course of conduct under the rule set forth in *Johnson,* supra. See also *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30) (1974).

2. After extensive cross-examination by appellant's counsel of Leila Kelly about her brother, who lived with her but was hospitalized at the time of the burglary, the state objected to further questioning about the brother's hospitalization on the ground that it was not relevant. The objection was sustained and appellant contends that ruling unduly restricted his right to a thorough and sifting cross-examination. We do not agree.

While it is true that the right to a thorough and sifting cross-examination cannot be abridged, that right is not unlimited. *Jones v. State,* 135 Ga. App. 893, 897 (219 SE2d 585) (1975); *Anderson v. State,* 165 Ga. App. 885, 887 (5) (303 SE2d 57) (1983). The scope of the cross-examination and control of the right to cross-examination within reasonable bounds rests largely in the discretion of the trial judge, and his discretion will not be controlled by a reviewing court unless it is abused. *Anderson,* supra. We find no abuse of discretion in the instant case.

3. Appellant objected to the testimony of Ronnie Hills that he told Leila Kelly appellant committed the burglary of her trailer, on the ground that such testimony was hearsay. This enumeration is without merit.

Hearsay evidence is that which rests on the veracity and truthfulness of other persons not subject to cross-examination. OCGA § 24-3-1 (Code Ann. § 38-301); *Williams v. American Surety Co.,* 83 Ga. App. 66, 69 (2) (62 SE2d 673) (1950); *Lingo v. State,* 226 Ga. 496, 498 (2) (175 SE2d 657) (1970). In the instant case Hills was relating what he told Kelly, not what Kelly told Hills. The testimony did not rest on the veracity and truthfulness of other persons, but on Hills himself, who was subject to cross-examination regarding his statement to Kelly. Accordingly, the statement was not hearsay and it was not error to admit it.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

John E. Pirkle, for appellant.
*Dupont K. Cheney, District Attorney, Douglas A. Datt, Assistant District Attorney,* for appellee.