## 67716. ARNOLD v. GEORGIA DEPARTMENT OF HUMAN RESOURCES.

DEEN, Presiding Judge.

This appeal stems from the complaint filed by appellee Department of Human Resources (DHR) in an effort to enforce upon appellant Arnold the duty to support his illegitimate son. Proper service of process upon appellant was not effected, and appellant moved to dismiss the action but instead entered into a consent order providing for dismissal and refiling of the case. Upon refiling, the state sued for a lesser sum than that sought in the original complaint, because of changes in the financial situation of the mother. Through inadvertence the number of the original suit was assigned to the refiled complaint; the refiled complaint and subsequent pleadings were later amended to reflect the correct case number.

The record reveals that appellant filed no answer and, further, that he failed to appear, either in person or through counsel, at the hearing set for January 21, 1983. The court thereupon entered a default judgment ordering payment of the arrearage and of regular weekly support payments, as well. When no payments were forthcoming, a contempt citation was issued. Appellant moved to set aside the default judgment but made no appearance at the hearing set on the motion; he subsequently made a second such motion. Ultimately, by order of July 28, 1983, the court found appellant in contempt and ordered him arrested unless he purged himself by paying the sums due. On August 11 the court denied the motion to set aside the default judgment. On August 8 appellant had filed a motion for a new trial, and on August 10 he was arrested. He paid the $750 arrearage and filed a motion for a temporary restraining order preventing disbursement of that sum, and a motion for reimbursement. After an August 18 hearing, the trial court denied both motions.

Arnold appeals from the July 28 judgment holding him in contempt and denying his motion to set aside. He also undertakes to appeal from the August 19 order denying his motions for a temporary restraining order and for reimbursement. He enumerates error as

follows: (1) the trial court erred in dismissing his motions to set aside the default judgment; (2) the court erred in denying his motion to set aside the judgment because of errors in the case number; (3) the court erred in finding that there was no providential cause for missing the filing deadlines and court hearings; and (4) the court erred in crediting the allegedly wilfully erroneous statements of the assistant district attorney. *Held:*

Counsel for appellant alleges that the district attorney wilfully misrepresented her intentions with regard to the refiling of the case and, moreover, that she failed to honor her agreement to keep defense counsel informed as to all procedural steps. He alleges that either the postal service or the clerk of court's office lost his allegedly timely filed answer to the complaint; he offers no explanation for the non-receipt of that same alleged pleading by the district attorney's office. Counsel further cites difficult personal and family circumstances in extenuation of missed filing deadlines and court appearances.

The record discloses that the trial court gave defense counsel ample opportunity both to plead and to cure these defects. At the hearings, the court explained in detail to defense counsel why his motion for a new trial would not lie, and why his other motions could not be granted. The court held, however, that defense counsel's multiple procedural problems, even when his concededly trying personal circumstances were taken into account, were direct consequences of his initial failure to file an answer; and, further, that counsel did not avail himself of the proper and available legal remedies either for this initial failure or for subsequent defects and deficiencies. In his orders of July 28, 1983, August 11, 1983, and August 19, 1983, the court set forth clearly his reasons for ruling against appellant.

On an appeal from a bench trial, this court will not disturb the judgment of the trial court unless it is clearly erroneous. OCGA § 9-11-52 (Code Ann. § 81A-152); *City of Atlanta v. Heirs of Champion,* 244 Ga. 620 (261 SE2d 343) (1979); *High Point &c. v. George Hyman Constr. Co.,* 164 Ga. App. 706 (297 SE2d 757) (1982). Scrutiny of the court's orders and of the transcripts of the hearings reveals ample support for the court's rulings. We find no error in the proceedings below and therefore affirm the judgment.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1984.

*William D. Perkins,* for appellant.

*Michael J. Bowers, Attorney General, James P. Googe, Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, Mary F. Russell,* for appellee.