**In the Matter of Graven Fields WINSLOW, Debtor.**

**FIDELITY NATIONAL BANK, A National Banking Association, Plaintiff,**

v.

**Graven Fields WINSLOW, Defendant.**

**Bankruptcy No. 81–04230A.
Adv. No. 82–0174A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

May 16, 1984.

Mary Margaret Oliver, Howard & Gilliland, Decatur, Ga., for plaintiff.

William V. Hall, Jr., Decatur, Ga., for defendant.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The plaintiff-creditor filed a complaint for relief from the automatic stay, 11 U.S.C. § 362(d), which was granted. Several months after the order for relief was entered, plaintiff repossessed the debtor's car in which it had held a security interest.

Subsequently, plaintiff sold the car without providing any prior notification of the sale to the debtor pursuant to the Uniform Commercial Code. OCGA § 11–9–504(3). The debtor filed a motion for summary judgment, arguing that the plaintiff was not entitled to collect any deficiency resulting from the sale. The plaintiff opposed the motion for summary judgment, contending that neither the Georgia Motor Vehicle Sales Financing Act nor the accord and satisfaction theory, both argued by the debtor, were applicable to the transaction between it and the debtor. Because this court finds that the creditor violated § 11–9–504(3) of the Georgia Code, this court holds that the creditor is not entitled to collect any deficiency from the debtor.

## FINDINGS OF FACT

1. On March 12, 1981 defendant executed a single payment security agreement in the principal amount of $700.00 in favor of plaintiff secured by a 1971 Volkswagen;

2. On October 6, 1981 defendant-debtor filed a Title 11 U.S.C., Chapter 13 petition;

3. On January 22, 1982 plaintiff-creditor filed the instant complaint for relief from stay;

4. On April 7, 1982, this court entered an order lifting the stay;

5. Plaintiff asserts that the order which lifted the stay was general in nature and included the creditor's interest in (1) the debtor's Phillips Petroleum stock which the debtor had pledged to plaintiff, (2) the debtor's savings account at plaintiff bank, and (3) the plaintiff's security interest in the debtor's vehicle;

6. Defendant asserts that at the hearing to lift the stay only the plaintiff's interest in the stock certificates and the debtor's bank account were addressed;

7. On July 20, 1982 plaintiff sent a letter informing the debtor that plaintiff had repossessed the vehicle;

8. No evidence has been submitted indicating that plaintiff ever notified the de-

fendant of the sale of the repossessed collateral.

## DISCUSSION

 Although there is some dispute between these parties as to whether the stay was lifted with regard to the plaintiff's security interest in the debtor's Volkswagen,[1] there is no dispute about the fact that the plaintiff sold the vehicle without prior notification to the debtor regarding the sale. As a party holding a security interest, the creditor was subject not only to the provisions of bankruptcy law, but also to the provisions of the Uniform Commercial Code. In the instant circumstances the creditor complied with the Bankruptcy Code and the Bankruptcy Rules of Procedure. In response to the debtor's filing for Chapter 13 protection in October 1981, the creditor filed the instant complaint for relief from the stay. This court entered an order lifting the stay in April of 1982. An order which lifts the automatic stay returns the parties to the legal relationships that existed before the stay became operative. Whatever non-bankruptcy law governed the transactions and relationships of the parties prior to the application of the Bankruptcy Code is the law which controls the conduct of the parties once the stay is lifted.[2] In the instant circumstances, although there is some dispute as to whether the creditor was entitled to repossess the debtor's vehicle pursuant to the lifting of the stay, it is clear that the debtor was informed and knew that his vehicle had been repossessed. The creditor had mailed a letter to the debtor on July 20, 1982, informing the debtor of the repossession and requesting the debtor to reclaim certain of his personal property which had

been inside the car. The debtor did in fact recover said personal property from the automobile. It is similarly clear, however, that the creditor did not give prior notification to the debtor of the sale of the automobile and is thus not in compliance with § 11–9–504(3) for obtaining a deficiency judgment.

Georgia law requires "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement denouncing or modifying his right to notification of sale." OCGA § 11–9–504(3). Courts interpreting this section of the Georgia Code have consistently held that "a secured party is absolutely prohibited from recovering a deficiency judgment where notice is not given or the sale is commercially unreasonable." *Comfort Trane Airconditioning v. Trane Co.,* 592 F.2d 1373 (CA5, 1979). *Braswell v. American National Bank,* 117 Ga.App. 699, 161 S.E.2d 420 (1968); *Edmondson v. Air Service Company,* 123 Ga.App. 263, 180 S.E.2d 589 (1971) (Court found no reason to distinguish a straight loan of money where personal property is pledged as collateral from a conditional-sale contract); 59 A.L. R.3d 401 (1974).

 Measuring the facts in the instant proceeding against the standard established by statutory and decisional law reveals that the creditor is not entitled to collect any deficiency which may have resulted from its sale of the automobile. The debtor's motion seeking to prevent the creditor from collecting any deficiency pur-

---

**1.** After a hearing and upon oral announcement of a ruling on relief from the stay and request for preparation of an order, the prevailing party should specifically and clearly include the issues presented and the property affected by the order and the extent of the relief from the stay. Any inconsistency of the order will be construed against the party preparer of the order.

**2.** The court under 11 U.S.C. § 362(d) has the option of modifying or conditioning the grant of relief from the stay rather than terminating or

annulling it entirely. If the court expressly elects to modify or condition the relief from the stay, it need not return the parties to the aegis of the controlling non-bankruptcy law, i.e., the court could permit the immediate sale of personal property which would normally be governed by provisions of the Uniform Commercial Code and which would normally require the creditor to give the debtor prior notice of the sale.

suant to its security interest in the debtor's Volkswagen is granted.