## 68250. GARMON v. FIRST NATIONAL BANK OF ATLANTA.
### (323 SE2d 712)

McMurray, Chief Judge.

The First National Bank of Atlanta repossessed Garmon's truck for being in default under the terms of an installment sales contract. The truck was subsequently sold at a private sale. Since the amount realized from the sale was less than the amount due, The First National Bank of Atlanta brought suit against Mr. Garmon for the deficiency, including interest and attorney fees.

The defendant answered and denied the allegation of indebtedness and, further, asserted that plaintiff was not entitled to a deficiency amount since it failed to comply with the notice provisions of former Code Ann. § 96-1007 (now OCGA § 10-1-36, effective November 1, 1982) and former Code Ann. § 109A-9—504 (3) (now OCGA § 11-9-504 (3), effective November 1, 1982), in that it omitted to send defendant any notices whatsoever regarding the sale of the repossessed truck.

The trial court, sitting without a jury, however, found that plaintiff had in fact complied with the notice provisions of the above-cited statutes (i.e., plaintiff had in fact sent the requisite notices to defendant by letter dated December 17, 1981) and as such, entered judgment in favor of the plaintiff for the deficiency plus court costs. Defendant appeals. *Held*:

In his sole enumeration of error, defendant contends that the trial court erred in entering judgment in favor of plaintiff instead of defendant due to its erroneous finding that the December 17, 1981, letter, attached to the transcript as plaintiff's exhibit 4 (which contains the requisite notices as required in former Code Ann. §§ 96-1007 and 109A-9—504 (3), supra), was in fact sent to the defendant within 10 days after the repossession of his truck. Defendant argues that he never received the December 17, 1981 letter and that as such, plaintiff should not be allowed to recover a deficiency.

Former Code Ann. § 96-1007, supra, provides in pertinent part: "When any motor vehicle has been repossessed after default in accordance with Georgia Code Chapter 109A-9—5, the seller or holder shall not be entitled to recover a deficiency against said buyer *unless within 10 days after said repossession he forwards by registered or certified mail to the address of the buyer shown on the contract, or later designated by said buyer, [the requisite notices as herein provided] . . .*" (Emphasis supplied.) "Before any presumption arises that a letter [as of the kind required above] has been received through the mails it must be shown that 'the letter (1) was written; (2) was properly addressed to the party; (3) contained the correct postage; and (4) was duly mailed in the United States Post Office.' [Cits.]" *Edmondson v. Air Service Co.*, 123 Ga. App. 263 (2) (180

SE2d 589).

In the case sub judice, an employee of plaintiff, who, in the regular course of the bank's business, keeps the books and records of the bank under her general supervision and control, testified that the letter marked as plaintiff's exhibit 4 was sent out on December 17, 1981; that it was sent by certified mail return receipt requested to the defendant's address which was the same as that shown on the contract; that it was sent within 10 days after the repossession of defendant's truck; that such a letter is always sent out within 10 days after repossession by the bank of a motor vehicle; that the bank received back a certified mail return receipt card (which allegedly had been sent out with plaintiff's exhibit 4); and that the certified return receipt card was signed "Paul" and dated December 19, 1981. Another employee of the bank, whose duties involve the resale of repossessed collateral, testified that plaintiff's exhibit 4 was sent out on December 17, 1981; that this type of letter is always sent out immediately after repossession; that this type letter is always put in the envelope; that he had never heard of a situation where the letter was not contained in the envelope when it was sent out; and that it was in the regular course of the bank's business to put said type letter in the envelope. The defendant, on the other hand, testified that although he signed the return receipt card that allegedly accompanied plaintiff's exhibit 4, he never actually received plaintiff's exhibit 4 because it was not inside the envelope (i.e., he received an empty envelope). The trial court, sitting as trier of fact, chose to believe plaintiff and not defendant. The law is clear that when a cause of action is tried by a trial court sitting without a jury, its findings of fact will not be disturbed on appeal unless they are clearly erroneous. *Arnold v. Ga. Dept. of Human Resources*, 169 Ga. App. 689, 690 (314 SE2d 705). Accordingly, there was ample evidence to support the trial court's finding that certain notices in compliance with the requirements of former Code Ann. §§ 96-1007 and 109A-9—504 (3), supra, had been sent to defendant within 10 days after the repossession of his truck. We find no merit in this contention.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1984.

*William J. Porter, Jr.*, for appellant.
*W. Christopher Bracken III*, for appellee.