## 69381. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA v. JONES et al.
(326 SE2d 554)

SOGNIER, Judge.

First Federal Savings & Loan Association of Atlanta (First Federal) brought suit against Richard and Sylvia Jones for a deficiency judgment following the repossession of a mobile home purchased by the Joneses. The jury returned a verdict in favor of First Federal against Richard Jones and First Federal appeals.

1. Appellant contends the trial court erred by permitting appellee Richard Jones to state his opinion of the value of the mobile home. "Under [OCGA § 24-9-66], a non-expert witness can testify as to value if he has a sufficient opportunity for forming a correct opinion. . . . Whether a witness is qualified is within the discretion of the trial court; his credibility is for the jury." *Ga. Power Co. v. Bishop,* 162 Ga. App. 122, 123 (4) (290 SE2d 328) (1982). Appellee Richard Jones testified that he was familiar with the value of mobile homes at the time of the repossession and described improvements he had made to the mobile home prior to the repossession. The trial judge did not abuse his discretion in allowing this testimony. Id.

2. a. Appellant also enumerates as error the trial court's admission of testimony regarding Richard Jones' reasons for failing to pay the deficiency. Over objection, the trial court permitted Richard Jones to state that he did not pay the deficiency because he felt that the money he had already paid "would cover everything." Appellant argues that appellee's reasons for not paying the deficiency were irrelevant, and by permitting such testimony, prejudicial error was committed. "The scope of examination and cross-examination is not unlimited, but the scope of permissible examination lies within the sound discretion of the court . . . ." *Classic Restorations v. Bean*, 155 Ga. App. 694 (1) (272 SE2d 557) (1980). Even assuming error in admitting appellee's testimony, the error was harmless since the trial judge instructed the jury that appellee's reasons for not paying appellant were irrelevant and because the complained of testimony was used to explain Richard Jones' previous testimony elicited on cross-examination that he did not pay the deficiency because he could not afford it. See *Camp v. Mapp*, 95 Ga. App. 262 (97 SE2d 623) (1957).

b. Appellant further contends the trial court erred by refusing to allow cross-examination of Jones' financial status. We disagree. Richard Jones' testimony on direct examination regarding his reasons for not paying the deficiency did not open the door to cross-examination of his financial status, which was irrelevant and inadmissible. Although every party has a right to thorough and sifting cross-examination of witnesses called against them, OCGA § 24-9-64, "[t]he general rule is that evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved." *Northwestern Univ. v. Crisp*, 211 Ga. 636, 641 (2) (88 SE2d 26) (1955); *Gordon v. Gordon*, 133 Ga. App. 520, 522 (1) (211 SE2d 374) (1974).

3. Appellant's enumerations 2, 3, 11, 12, 13 and 14 relate to Richard Jones' counterclaim against appellant. Because the jury found in favor of appellant on the counterclaim, appellant cannot show harm from any error which might have been committed and we will not consider these enumerations. See *McFarland v. Hodge Homebuilders*, 168 Ga. App. 733 (2) (309 SE2d 853) (1983).

4. Appellant further contends the trial judge erred by charging the jury that they might find in favor of appellant against either or both appellees. In support of this enumeration, appellant argues that the evidence did not support the jury's verdict in favor of appellee Sylvia Jones. Where the trial court approves the jury's verdict, our responsibility is to determine if there is any evidence to authorize the verdict, and we will construe the evidence to uphold the verdict and judgment. *Reed v. Williams*, 160 Ga. App. 254, 255 (1) (287 SE2d 47) (1981). There was sufficient evidence to authorize a jury finding that appellant did not meet its burden of proving that it had properly no-

tified appellee Sylvia Jones of its intention to pursue a deficiency claim. OCGA § 10-1-36; *Doughty v. Associates Commercial Corp.*, 152 Ga. App. 575 (263 SE2d 493) (1979). Therefore, we find no error in this enumeration.

5. Appellant's remaining enumerations have not been supported in its brief by argument or citation of authority. Accordingly, they must be deemed abandoned pursuant to this Court's Rule 15 (c) (2). See generally *Young v. Southern Bell &c. Co.*, 168 Ga. App. 40, 41 (2) (308 SE2d 49) (1983).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 28, 1985.

*Albert B. Wallace*, for appellant.
*Harold E. Martin, Richard L. Collier*, for appellees.