71807. CALCOTE v. CITIZENS & SOUTHERN NATIONAL BANK.
(345 SE2d 616)

CARLEY, Judge.

Appellant obtained a loan from appellee Citizens and Southern Bank (the Bank) to finance the purchase of an automobile, in which the Bank acquired a security interest. When appellant defaulted, the Bank repossessed the automobile and sold it at an auction held for dealers only. The Bank then instituted this action to recover a deficiency on the debt. After a bench trial, the trial court found for the Bank and judgment was entered accordingly. Appellant appeals from the judgment entered in favor of the Bank.

1. Appellant contends that the trial court erroneously found that the automobile was repossessed on March 28, 1984. "In a bench trial ' "the trial judge sits as trier of fact, and his findings are analogous to the verdict of a jury and should not be disturbed if there is any evidence to support them." ' [Cit.]" *National Carloading Corp. v. Security Van Lines*, 164 Ga. App. 850, 853 (297 SE2d 740) (1982). Business records of the Bank, admitted without objection, show clearly that the repossession was accomplished on March 28, 1984. Testimony from witnesses, including appellant herself, also indicated that the Bank did indeed repossess appellant's automobile, on the evening of March 28, 1984. Clearly the evidence was sufficient to support the trial court's finding.

2. Appellant resided at 2015 Spring Road, Smyrna, Georgia 30080, the address of record in the Bank's files. The Bank repossessed

the automobile from that address. On March 29, 1984, the Bank sent a letter, certified mail return receipt requested, to appellant at her residence. The letter informed appellant that the automobile had been repossessed and that she had a right of redemption, as well as the right to demand a public sale. The letter also apprised appellant of the Bank's intention to sell the automobile at a private sale to be held after April 19, 1984. The letter was post-marked both March 29 and April 7, and the Post Office attempted delivery on April 4 and April 14. Appellant never actually received the letter, and it was returned to the Bank, marked "unclaimed," on April 19. The automobile was then sold at a private auction on May 11, 1984. On these facts, the trial court held that the Bank had complied with the two applicable Code sections, to wit: OCGA §§ 10-1-36 and 11-9-504 (3). Appellant urges that the trial court erroneously concluded that the Bank was in compliance with the requirements of these applicable statutory provisions.

The evidence is clear that the Bank complied with OCGA § 10-1-36, the statutory provision which relates specifically to the disposition of motor vehicles after default and to the secured party's right to recover for a deficiency. There is no requirement in OCGA § 10-1-36 that the debtor actually receive notice. The Bank sent proper notice, via certified mail, to the appropriate address and thereby complied with OCGA § 10-1-36. *Veitch v. Nat. Bank of Ga.*, 159 Ga. App. 473 (283 SE2d 686) (1981). However, by its terms, OCGA § 10-1-36 must be read in conjunction with OCGA § 11-9-501 et seq. "This Code section is cumulative of Part 5 of Article 9 of Title 11 and provides *cumulative additional* rights and remedies which must be fulfilled before any deficiency claim will lie against a buyer. . . ." (Emphasis supplied.) OCGA § 10-1-36. OCGA § 11-9-504 (3) provides, in pertinent part, that "reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. . . ." The question for resolution is whether the evidence of the Bank's compliance with OCGA § 10-1-36 is also a sufficient showing of the Bank's compliance with the cumulative and additional "reasonable notification" provision of OCGA § 11-9-504 (3).

This court has held that, under certain circumstances, the mere sending of notice via certified mail which is subsequently returned as "unclaimed" will not, standing alone, satisfy the "reasonable notification" requirements of OCGA § 11-9-504 (3). *Geoghagan v. Commercial Credit Corp.*, 130 Ga. App. 828 (204 SE2d 784) (1974). Appellant contends that *Geoghagan*, supra, controls the case at bar. The instant case is, however, quite different. Unlike *Geoghagan*, this case involves the sale of an automobile and therefore OCGA § 10-1-36 must be considered as well. Moreover, *Geoghagan* was decided on summary judg-

ment and has been interpreted as merely holding that the secured party does not carry his "burden of proof on a motion for summary judgment when [he] does not show the date that the letter was returned and [where] the sale was held almost four months after the notice letter was mailed. [Cit.]" *Slocum v. First Nat. Bank*, 152 Ga. App. 632, 633 (263 SE2d 516) (1979). The instant case is not on summary judgment and the sale was conducted within a few weeks of the return of a twice "unclaimed" letter mailed to an address shown to be appellant's actual current residence as well as the location where the automobile had been found. Accordingly, we do not construe *Geoghagan* as controlling authority. In a case such as this one, where both statutes come into play, it has been held to be a question of fact whether, under the existing circumstances, the attempted notification was reasonable. See *Slocum v. First Nat. Bank*, supra; *Veitch v. Nat. Bank of Ga.*, supra; *Garmon v. First Nat. Bank*, 172 Ga. App. 528 (323 SE2d 712) (1984); *First Fed. Savings &c. Assn. v. Jones*, 173 Ga. App. 356 (326 SE2d 554) (1985); *Friddell v. Rawlins*, 160 Ga. App. 44 (285 SE2d 779) (1981); *National Carloading Corp. v. Security Van Lines*, supra. See also *Lacy v. Gen. Fin. Corp.*, 651 F2d 1026 (5th Cir. 1981). The trier of fact, here the trial court, has determined that, under the circumstances presented, the notification effort was indeed reasonable. The evidence authorized that factual finding and there was no error.

3. The trial court found that the private sale of the automobile was commercially reasonable, as required by the provisions of OCGA § 11-9-504 (3). Appellant urges that this finding is erroneous. Though the exact nature of appellant's objection is unclear, she apparently contends that merely because appellee disposed of the automobile at a sale to which the public was not invited, the price received was not commercially reasonable. OCGA § 11-9-504 (3), however, expressly provides for the option of private sale. In this case, appellee invited at least 150 auto dealers to bid on appellant's automobile as well as others. There was evidence from appellee's expert that, in fact, a "dealers only" sale provided a higher return on collateral than a sale to which the public was invited. It is generally for the trier of fact to determine the commercial reasonableness of a private sale under this code section. *Ennis v. Atlas Fin. Co.*, 120 Ga. App. 849, 850 (172 SE2d 482) (1969). The evidence supports the trial court's finding that this sale was commercially reasonable. "The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner." OCGA § 11-9-507 (2). See also *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595 (281 SE2d 338) (1981). There was no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 23, 1986 —
REHEARING DENIED MAY 19, 1986.

*E. T. Hendon, Jr.*, for appellant.
*Frederick L. Warren*, for appellee.