A91A1336. BRACK ROWE CHEVROLET COMPANY v. WALLS et al.
(412 SE2d 603)

ANDREWS, Judge.

Brack Rowe Chevrolet Company (Rowe Chevrolet) brought this action against Walls to collect a deficiency judgment after selling a repossessed automobile. Walls denied that she owed the deficiency, and contended in a third party complaint that Allen was responsible for any judgment rendered against her. A jury found in favor of Walls and against Rowe Chevrolet on the deficiency action. Judgment was entered on the verdict in favor of Walls, and dismissing the third party complaint against Allen. Rowe Chevrolet appeals claiming that the trial court erred by failing to grant its motion for a directed verdict against Walls, and by giving an erroneous charge to the jury on

novation.

In October 1984, Rowe Chevrolet sold a car to Walls and retained a security interest in the car under the terms of a retail installment contract between the parties. Rowe Chevrolet immediately assigned its rights under the contract with recourse to General Motors Credit Corporation (GMAC), and GMAC paid the balance due on the contract. In March 1986, with the approval of GMAC, Walls sold the car to Allen. Allen paid Walls $500 cash with the balance of the purchase price payable under the terms of a new retail installment contract which also created a security interest in the car. Walls immediately assigned the contract and security interest, with recourse, to GMAC. In effect, GMAC simply refinanced the sale of the car to Allen. In April 1986, Rowe Chevrolet executed a guaranty agreement by which it guaranteed to GMAC full payment of the contract obligation of Allen. Subsequently, in October 1986, Allen defaulted on the contract and GMAC repossessed the car. In October 1986, either pursuant to its guaranty obligation to GMAC, or in anticipation of being held to it, Rowe Chevrolet paid GMAC the balance owed by Allen under the contract, and received the repossessed car and an assignment of GMAC's rights under the contract. Thereafter, Rowe Chevrolet sold the car in a private sale, deducted the sales proceeds from the amount owed by Allen under the contract, and instead of suing Allen for the deficiency, sued Walls directly under the guaranty obligations she assumed when she assigned the Allen contract with recourse.

1. Rowe Chevrolet claims the trial court's charge on novation was erroneous because it required the jury to find in favor of Walls on the deficiency claim if they found that the second contract for the sale of the car, in which Allen was the buyer, constituted a novation which extinguished the first sales contract in which Walls was the buyer. It does not appear from the evidence that Rowe Chevrolet claimed Walls' liability stemmed from the first contract, but rather the claim was that liability stemmed from her status under the second contract. None of the parties to the action requested a charge on novation. Nevertheless, the court accurately charged the jury on the elements of novation under OCGA § 13-4-5, and then continued to instruct the jury as follows: "In other words, if you believe and find by a preponderance of the evidence that this second contract amounted to a novation of the first contract, the effect of that would be to discharge Ms. Helen Walls from any obligation to the plaintiff in this case. And you should find in her favor. On the other hand, if you find it was not, you would also, of course, go ahead and consider whether or not the sale met all the requirements as far as the deficiency, whether or not the deficiency resulted from a valid sale. Now also if you found that the second contract amounted to a novation of the first contract, as I stated, you would have to find in favor of the defendant. In that event

you would proceed no further against the third defendant. And you should also find in favor of the third party defendant."

This charge was reversible error. Even if the jury concluded that the second contract was a novation of the first, this would not preclude a determination that Walls was liable for the deficiency. The second contract was assigned by Walls to GMAC *with recourse* and provided that Walls "unconditionally guaranteed payment on demand of the unpaid balance [owed by Allen] on this contract and all losses and expenses incurred by GMAC in the event of a default in payment of any installment." There is no provision indicating that Allen must be sued first before Walls will be liable under the guaranty. By assignment from GMAC, Rowe Chevrolet acquired not only the right to proceed against Allen to collect a deficiency, but also the right to hold Walls directly responsible for any such deficiency pursuant to her guaranty. *Barbree v. Allis-Chalmers Corp.*, 250 Ga. 409, 411-412 (297 SE2d 465) (1982). Although Rowe Chevrolet did not specifically allege in its complaint that it was pursuing Walls under her guaranty of the Allen contract, the allegations are sufficient to encompass such a claim against Walls.

2. The trial court did not err by denying Rowe Chevrolet's motion for a directed verdict.

Walls does not claim she was not notified of the sale. *Reeves v. Habersham Bank*, 254 Ga. 615, 620-622 (331 SE2d 589) (1985) (guarantor is considered debtor and must be given notice of the sale). Nor did she or Allen present any evidence to rebut Rowe Chevrolet's evidence that the sale was conducted in a commercially reasonable manner. However, though Walls did not raise a notice issue as to herself, as a guarantor of Allen's obligation Walls is entitled to assert all defenses available to Allen as the principal. OCGA § 10-7-2. "Thus, in the absence of waiver or estoppel we see no reason why a guarantor may not assert the 'commercially reasonable' defense which would be available to his principal, the debtor, under [OCGA § 11-9-504 (3)] in an action by the secured party against the guarantor for a deficiency judgment." *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 436-437 (280 SE2d 842) (1981). The fact that Walls received proper notice does not estop her from benefiting from any notice defense asserted by Allen since the issue here is not whether Walls was notified, but whether, as guarantor, she may be discharged because her principal has a defense to the deficiency claim.

The evidence reveals that although notice of the sale was sent by GMAC to Allen by certified mail to his address shown on the contract within ten days after the repossession, he did not receive it. Under OCGA § 10-1-36 there is no requirement that the required notice be received, but only that it be sent within ten days of repossession by registered or certified mail to the address shown on the contract or

later designated by the buyer. Allen testified that he had moved from the address listed in the contract, and that he provided GMAC with the new address. A GMAC representative testified that the address on the contract was the last address provided. Accordingly, an issue was created as to whether Allen received proper notice under OCGA § 10-1-36. Unlike the rebuttable presumption created by a creditor's lack of compliance with the notice provisions of OCGA § 11-9-504 (3) (*Emmons v. Burkett*, 256 Ga. 855 (353 SE2d 908) (1987)), failure to comply with the notice provisions of OCGA § 10-1-36 is an absolute bar to recovery. *Bryant Intl. v. Crane*, 188 Ga. App. 736 (374 SE2d 228) (1988). Accordingly, material issues exist precluding a directed verdict.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 15, 1991.

McDonald & Haggard, James E. McDonald, Jr., for appellant.
Walden G. Housman, Jr., N. Lee Presson, for appellees.