A93A0188. PITTS v. BANK SOUTH CORPORATION.
(433 SE2d 96)

JOHNSON, Judge.

Joanne M. Pitts and Jacob Mitchell entered into a motor vehicle installment sales contract with a car dealership. The contract was assigned to Bank South Corporation. Pitts defaulted on the installment payments, and the bank repossessed the vehicle. The vehicle was sold, and the bank filed this lawsuit against Pitts and Mitchell to recover a deficiency balance. The bank moved for summary judgment, which the trial court granted in part. Pitts appeals, contending that a genuine issue of fact remains regarding whether she received legal notice under OCGA § 10-1-36.

OCGA § 10-1-36 provides: "When any motor vehicle has been re-

possessed after default . . . the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he forwards by registered or certified mail to the address of the buyer shown on the contract . . . a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. . . . This Code section is cumulative of Part 5 of Article 9 of Title 11 and provides cumulative additional rights and remedies which must be fulfilled before any deficiency claim will lie against a buyer."

The statute does not require that the debtor actually receive notice. See *Calcote v. C & S Nat. Bank*, 179 Ga. App. 132, 133 (2) (345 SE2d 616) (1986). Therefore, Pitts' contention that a genuine issue of material fact remains regarding whether she received notice is without merit.

Pitts also argues, however, that a question of fact remains regarding whether the notice was actually sent. We therefore turn to consider whether the evidence in the record was sufficiently conclusive to resolve this issue against Pitts.

In support of its motion for summary judgment, the bank attached a copy of a notice of repossession sent to Pitts and the affidavit of its legal adjuster who testified that the notice was sent to Pitts via certified mail within ten days of the date of repossession. Such notice was mailed to the same address shown on the contract.[1] Although Pitts did not present any evidence to controvert the facts contained in the legal adjuster's affidavit, the bank did not include a copy of the proof of mailing, i.e., the certified mail receipt. This postal service receipt showing that the letter was mailed as required by the statute does not appear anywhere in the record. Nor is there *any* evidence in the record to show either the date of repossession or the date of mailing. The absence of any proof that the notice was sent by certified mail coupled with evidence that it was never received, left the trial court with a disputed fact regarding whether the notice was properly sent in compliance with OCGA § 10-1-36. We find that the statement in the legal adjuster's affidavit indicating that she sent notice in compliance with the statute is not a statement of fact, but is a conclusion of law.

"On summary judgment, movant has the burden of showing the nonexistence of any material fact and that [it] is entitled to a judgment as a matter of law. In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence *and all inferences*

---

[1] We note that there is no evidence in the record indicating that Pitts had changed her address from that listed on the contract.

*and conclusions* arising therefrom most favorably toward the party opposing the motion." (Emphasis in opinion.) (Citations and punctuation omitted.) *Sunamerica Financial v. Peachtree Street, Inc.*, 202 Ga. App. 790, 793 (2) (a) (415 SE2d 677) (1992).

The evidence as it stands in this record does not authorize the trial court's decision granting summary judgment to the bank, and we must reverse.

*Judgment reversed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 22, 1993.

*John C. Fowler*, for appellant.
*Wallace & de Mayo, Paul J. Gallo, Adams, Clifton & Sanders, Janney E. Sanders*, for appellee.