A11A1954. KIGHT v. FORD MOTOR CREDIT COMPANY, LLC.
(721 SE2d 204)

MCFADDEN, Judge.

Thenila L. Kight appeals the grant of summary judgment to Ford Motor Credit Company in its suit for a deficiency judgment. Kight argues that a genuine issue of material fact exists on the issue of whether Ford complied with the notice provision of OCGA § 10-1-36 (a). We agree and therefore reverse.

> To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.

(Citation omitted.) *Versey v. Citizens Trust Bank*, 306 Ga. App. 479, 479-480 (702 SE2d 479) (2010). Viewed in this light, the evidence shows that Thenila Kight and Larry Kight entered into a retail installment contract to purchase a 2006 Ford Freestyle. When the Kights failed to make the required payments, Ford repossessed the vehicle. It sold the vehicle at auction, applied the proceeds to the Kights' account, and then filed this action for the balance due.

OCGA § 10-1-36 (a) provides:

> When any motor vehicle has been repossessed after default in accordance with Part 6 of Article 9 of Title 11, the

> seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. . . .

The evidence Ford submitted in support of its motion for summary judgment showed that in November 2008, within ten days of the repossession and before filing this lawsuit, Ford mailed by certified mail a notice of repossession, right to redeem and intention to pursue a deficiency to a Lyons, Georgia address listed on the contract. In response, Thenila Kight submitted a sworn affidavit testifying that she had moved to a certain address in Vidalia, Georgia on August 8, 2008, and that she had notified Ford of her change of address in writing, by submitting a note showing the changed address in her payment envelope, and by telephone, when Ford's collectors called her.

This testimony created an issue as to whether Ford complied with OCGA § 10-1-36 (a). *Brack Rowe Chevrolet Co. v. Walls*, 201 Ga. App. 822, 825 (2) (412 SE2d 603) (1991). The fact that Ford's notice may have complied with the statute as to Larry Kight did not negate its obligation to comply with the statute as to Thenila Kight. See *Whitley v. Bank South*, 185 Ga. App. 896, 898-899 (3) (366 SE2d 182) (1988).

Ford argues that Kight's affidavit testimony is inadmissible, self-serving hearsay. Kight's testimony that she notified Ford of her changed address is not hearsay because she did not relay information told by others. See *Holloman v. State*, 167 Ga. App. 683, 684 (3) (307 SE2d 266) (1983). "The testimony did not rest on the veracity and truthfulness of other persons, but on [Kight herself]." Id. Her testimony is self-serving, but "most testimony a party offers is likely to be self-serving. That is no ground to exclude evidence." *Hamrick v. Greenway*, 257 Ga. 287, 289 (4) (357 SE2d 580) (1987).

Because Kight presented evidence that created an issue of fact as to whether Ford complied with OCGA § 10-1-36 (a), we reverse the grant of summary judgment to Ford.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 8, 2011.

*D. Duston Tapley, Jr.*, for appellant.

*Clifford W. Heindel, Elizabeth C. Whealler*, for appellee.