**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 17, 2012**

# In the Court of Appeals of Georgia

A12A1640. SHELL v. TIDEWATER FINANCE CO.                DO-075

DOYLE, Presiding Judge.

Patricia Shell appeals from the grant of summary judgment to Tidewater Finance Company d/b/a Tidewater Motor Credit ("Tidewater"), in Tidewater's suit against her on a retail installment contract to collect a deficiency from the sale of Shell's repossessed vehicle. Shell contends that the trial court erred because a genuine issue of material fact remains as to whether Tidewater met its obligation to provide notice required by OCGA § 10-1-36 (a). Because the record contains a factual dispute as to that question, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all

reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that in 2008, Shell executed a retail installment contract financing the purchase of a 2006 Chevrolet Trailblazer, and the contract was assigned to Tidewater.[2] After Shell defaulted on her payment obligation, Tidewater repossessed the vehicle in September 2010 and mailed via certified mail a notice to Shell informing her of the repossession and her right to redeem the vehicle. The vehicle, which was in damaged condition, was sold at auction for $2,500.

After the auction, Tidewater filed a complaint against Shell to recover the outstanding principal and interest remaining after applying the $2,500 received at auction. Shell answered and denied liability. Tidewater moved for summary judgment, supporting its motion with a Tidewater employee's affidavit attesting to

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] On appeal, Shell contends that issues of fact remain as to the identity of assignee, because the assignment was to Tidewater Motor Credit. Nevertheless, the undisputed record shows that Tidewater Motor Credit was the "d/b/a" name of Tidewater Finance Company. Thus, this argument is without merit. Cf. *Wilson Marine Sales & Svc., Inc. v. Fireman's Fund Ins. Co.*, 133 Ga. App. 220, 222 (1) (211 SE2d 145) (1974) (contemplating that "d/b/a" entity could be considered a real party in interest).

2

the amount of debt, repossession, notice to Shell, and auction. Shell opposed the motion and filed an affidavit supporting her response. The trial court granted the motion, and Shell now appeals.

Shell contends that the trial court erred because the record contains issues of fact as to whether Tidewater sent her notice to the correct address as required by OCGA § 10-1-36 (a). That subsection provides as follows, in relevant part:

> When any motor vehicle has been repossessed after default . . . , the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery *to the address of the buyer shown on the contract or later designated by the buyer* a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer.[3]

Here, the record shows that Tidewater sent its notice by certified mail to 611 Preston Park Drive, in Duluth, Georgia. Tidewater's supporting affidavit states that this address was designated by Shell after she signed the contract.[4] The affidavit points to no record of this designation, and if this was the sole evidence in the record

---

[3] (Emphasis supplied.) OCGA § 10-1-36 (a).

[4] The address listed for Shell in the contract was on Florence Street in Detroit, Michigan.

of Shell's address, it would be sufficient to support summary judgment. But Shell's affidavit, duly notarized and filed in the trial court, states that she did not designate the Preston Park address as her address, and her actual address was on White Grass Way in Grayson, Georgia. Despite the apparent self-serving nature of the affidavit, "[w]hether that testimony is credible is not an issue that the trial court can determine on summary judgment."[5] On summary judgment,

> [t]he opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. In summary judgment proceedings, the court is not in a position to weigh the evidence or determine its credibility. Where the facts alleged in the record create a conflict in the evidence, summary judgment is precluded.[6]

In light of the conflict in the record as to whether Tidewater complied with the requirement under OCGA § 10-1-36 (a) to mail a notice to Shell's designated address

---

[5] *Crossing Park Properties LLC v. Archer Capital Fund, LP*, 311 Ga. App. 177, 183 (2) (715 SE2d 444) (2011). See *Peach Blossom Dev. Co. v. Lowe Elec. Supply*, 300 Ga. App. 268, 271 (684 SE2d 398) (2009) (trial court cannot discount affidavit because it is self-serving).

[6] (Citations and punctuation omitted.) *First Nat. Bank of Gainesville v. Loggins*, 207 Ga. App. 814, 816-817 (429 SE2d 278) (1993).

4

(or the address in the contract), the trial court erred by granting summary judgment to Tidewater.[7]

*Judgment reversed. Andrews and Boggs, JJ., concur and concur specially.*

---

[7] See *Brack Rowe Chevrolet Co. v. Walls*, 201 Ga. App. 822, 824 (2) (412 SE2d 603) (1991) (directed verdict was not appropriate in light of factual issues as to notice because compliance with the notice provisions of OCGA § 10-1-36 is mandatory for recovery).

A12A1640.  SHELL v. TIDEWATER FINANCE CO.                    DO-075

BOGGS, Judge, concurring specially.

I agree that, under the facts as presented in the minimal record before us, the trial court erred in granting summary judgment. But I write to point out that the result here is limited to these facts and has no general application.

In the past, we have held that an issue of fact as to notice was created when the borrower presented evidence that a new address was designated, but the lender mailed the notice to the former address. *Brack Rowe Chevrolet v. Walls,* 201 Ga. App. 822, 825 (2) (412 SE2d 603) (1991); *Kight v. Ford Motor Credit Co.*, 313 Ga. App. 261, 262 (721 SE2d 204) (2011). This case presents the opposite situation: the lender

mailed the notice to a new address which it contends the borrower designated, but the borrower denies having designated the new address.

Through an affidavit provided by its legal manager, Tidewater states baldly that Shell designated the Duluth address. In an opposing affidavit, Shell just as baldly denies it. No other evidence was presented by either party. Ordinarily, Shell's conclusory allegation and denial would be insufficient to withstand summary judgment; however, Tidewater presented absolutely no evidence to the trial court tending to demonstrate how it came to believe that Shell lived at the Duluth address. Even though Tidewater need not necessarily present a written designation from Shell, it must produce *some* evidence opposing her affidavit.

It is clear from the cases construing OCGA § 10-1-36 that a "designation" need not be in writing or even an explicit statement of intent by the borrower: it may be made by course of conduct. See *Veitch v. National Bank of Georgia*, 159 Ga. App. 473, 473-474 (283 SE2d 686) (1981) (printed address on borrower's payment check can be "designated address"); *Versey v. Citizens Trust Bank*, 306 Ga. App. 479 (1) (702 SE2d 479) (2010) (new address "designated by the buyer" when undisputed that borrowers lived there, were served with complaint there, and car repossessed there.) But here, no documents, checks, repossession records, computer records or other

2

evidence were presented to support Tidewater's averment that Shell designated the Duluth address. Equally noteworthy, Shell presented no evidence to support her opposing statement.[1]

The holding here should not be construed to allow a bare denial of "designation" – a legal term of art –  to forestall summary judgment when specific facts supporting a designation are presented. The purpose of OCGA § 10-1-36 is to give notice to the borrower of the available remedies in the event of repossession. If we accept at face value Shell's argument that she did not designate the Duluth address, then Tidewater would have been within its rights to mail the notice to the original Michigan address.  We know this would not have served to provide notice to Shell because, by her own affidavit, she was living in Georgia. Moreover, from Shell's affidavit, she apparently never notified Tidewater of her new Grayson address.  While not contractually obligated to notify Tidewater of any new address, Shell should not be permitted to game the system by baldly denying having

---

[1]Shell's affidavit is interesting as much for what it does not say as for what it does say: despite her claim that she failed to receive notice of her rights upon repossession, Shell does not aver that she ever designated to Tidewater her Grayson address, nor does she specifically deny that she ever lived at the Duluth address to which the notice was mailed. Moreover, it is clear from her affidavit that she no longer lived at the Michigan address on the contract.

3

designated a new address when it appears that she moved and failed to notify Tidewater. Shell's circular argument is illogical and untenable. However, if no facts and circumstances supporting a designation are presented by Tidewater to the court below, we are constrained to rule, on the minimal evidence presented, that a genuine issue of fact remains as to notice.

For these reasons, I specially concur.

I am authorized to state that Judge Andrews joins in this special concurrence.

4