64724. DAVIS v. FORD MOTOR CREDIT COMPANY.

QUILLIAN, Chief Judge.

This is an appeal from a summary judgment for plaintiff in an action to obtain a deficiency judgment after the sale of repossessed collateral.

Appellant (defendant) purchased three dump trucks by installment contracts and appellee became the holder in due course of the contracts. When appellant defaulted on the required payments appellee repossessed the trucks and, after due notice to appellant, sold each of the trucks at private sales for less than the amount owing

on the purchase contracts. Thereafter, appellee commenced this action to recover the deficiencies between the amounts owing and the amounts realized from the sales. Appellant denied liability and counterclaimed for damage to his reputation. After discovery, appellee's motion for summary judgment was granted both as to the claim and the counterclaim. *Held:*

1. The sole contention is that summary judgment was erroneously granted on appellee's claim because appellee did not carry its burden of establishing that the sale of the trucks was in a commercially reasonable manner as required by Code Ann. § 109A-9—504 (Ga. L. 1978, pp. 1081, 1130), specifically in that the sale prices of the trucks were not the fair and reasonable values of the trucks.

"[W]here the sole defect is the adequacy of the sale price, . . . the creditor is not barred from recovery but must overcome the presumption that the value of the collateral equals the debt on it. [Cits.] This presumption is overcome by proving the fair and reasonable value of the collateral . . ." *Farmers Bank v. Hubbard,* 247 Ga. 431, 436-7 (276 SE2d 622).

In support of its motion for summary judgment appellee presented the affidavit of an employee that each of the trucks was sold "in a commercially reasonable manner at private auction" to the highest bidders for the amounts stated. Appellee presented no evidence of the fair and reasonable values of the trucks. Appellant responded with his own affidavit that the trucks were sold at a price much less than their fair market value.

"[T]he resale price in and of itself . . . [is] not evidence of the value of the collateral." *Farmers Bank v. Hubbard,* supra, at 436.

Appellee had the burden of overcoming the presumption that the value of the trucks equalled the debts on them by evidence of their fair and reasonable values. Evidence of the resale prices was not sufficient to do this. Neither were appellee's affiant's conclusory statements that they were sold in a commercially reasonable manner. *Smith v. Forrester,* 156 Ga. App. 79(1), 80 (274 SE2d 101). Moreover, appellant's contradicting affidavit stated that the sales prices were at less than the fair market values.

Appellee not having sustained its burden of establishing there was no genuine issue of material fact under Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; as amended through 1975, pp. 757, 759) the grant of summary judgment on appellee's claim must be reversed.

2. Since appellant does not raise any error concerning the grant of summary judgment to appellee on his counterclaim, that judgment is affirmed.

*Judgment affirmed in part; reversed in part. Shulman, P. J., and*

*Carley, J., concur.*

Decided October 26, 1982.

*Harold E. Martin,* for appellant.
*Daniel F. Bridgers,* for appellee.