## 67160. BENNETT v. BANK OF THE SOUTH.

QUILLIAN, Presiding Judge.

This is an appeal from summary judgment for plaintiff-appellee bank in an action on a note to recover a deficiency judgment after the sale of repossessed collateral.

The repossessed collateral was an automobile which was sold for $200 where the balance owing on the note was in excess of $800. Appellee's motion for summary judgment was supported by the affidavit of an employee reciting that the vehicle was sold at a private auction and the sale price declared to be commercially reasonable. *Held:*

"[T]he resale price in and of itself . . . was not evidence of the value of the collateral . . . [W]here the sole defect is the adequacy of the sale price, . . . the creditor is not barred from recovery but must overcome the presumption that the value of the collateral equals the debt on it. [Cits.] This presumption is overcome by proving the fair and reasonable value of the collateral . . ." *Farmers Bank v. Hubbard,* 247 Ga. 431, 436-7 (276 SE2d 622).

Although appellee presented evidence of the sale price, it presented no evidence of the fair and reasonable value of the vehicle.

"Appellee had the burden of overcoming the presumption that the value of the [vehicle] equalled the [amount owing] by evidence of (its) fair and reasonable value(s). Evidence of the resale price(s) was not sufficient to do this. Neither [was] appellee's affiant's conclusory statement(s) that [it was] sold in a commercially reasonable manner. [Cit.] . . .

"Appellee not having sustained its burden of establishing there was no genuine issue of material fact under [OCGA § 9-11-56(c) (Code Ann. § 81A-156)] the grant of summary judgment on appellee's claim must be reversed." *Davis v. Ford Motor Credit Co.,* 164 Ga. App. 137, 138 (296 SE2d 431).

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED OCTOBER 20, 1983.

*Paul J. Stalcup,* for appellant.
*Charles M. Lipman, Jay L. Strongwater,* for appellee.