74738. BRYANT v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(361 SE2d 529)

McMURRAY, Presiding Judge.

Plaintiff brought this action against defendant seeking a deficiency judgment following the voluntary repossession and resale of an automobile (a 1984 Pontiac Fiero) for less than the amount of defend-

ant's indebtedness to plaintiff. Defendant defends on the ground that the disposition of the automobile was not conducted in a commercially reasonable manner.

Following discovery, plaintiff moved for summary judgment. In support of its motion, plaintiff submitted the affidavit of Charles R. Shriver, its special collections manager. In pertinent part, Mr. Shriver deposed: "I frequently have occasion to appraise the value of repossessed vehicles based upon the written report of the vehicles condition at the time of repossession . . . On March 7, 1985, GMAC sold the vehicle to the highest bidder at a private sale for the cash price of $5,038.00 . . . In my opinion the resale price of $5,038.00 represents the reasonable value of the vehicle in its condition at the time of repossession." The written report of the condition of the automobile was attached to the affidavit. (It was averred that the report was a business record and that the transactions noted thereon were made at or near the time at which they occurred. The report was made on February 4, 1985.)

With regard to the condition of the automobile, the report set forth specifics. A rating was assigned to all parts of the vehicle: from the grille to the trunk, from the finish to the upholstery, from the battery to the transmission. According to the report, the automobile would not start. Most of the parts were in fair or poor condition. Moreover, the interior of the automobile, including the upholstery, showed "excessive wear."

In opposition to plaintiff's summary judgment motion, defendant filed her own affidavit in which she deposed, in part: "When the car was returned . . . on January 28, 1985, it was in generally good condition. It had been washed and waxed on the outside, and the interior had been cleaned very carefully. There was [sic] no torn places or obviously worn places on any of the interior upholstery. The car was running good and gave me no problem in starting."

After considering the pleadings and affidavits, the trial court granted plaintiff's motion for summary judgment. Judgment was entered in favor of plaintiff and against defendant in the amount of $3,189.79, the difference between defendant's indebtedness and the selling price of the automobile. Defendant appealed. *Held*:

1. "Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral. The secured party must also prove the value of the collateral at the time of repossession and that the value of the goods does not equal the value of the debt. If this proof is not forthcoming, it is presumed that the value of the goods is equal to the amount of the debt. *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778

(230 SE2d 43) (1976)." *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595, 596 (281 SE2d 338).

2. "Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion. [Cits.]" *Sisk v. Carney*, 121 Ga. App. 560, 563 (174 SE2d 456).

3. "Market value is exclusively a matter of opinion even though expressed as a fact. It may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion." *Schoolcraft v. DeKalb County*, 126 Ga. App. 101, 103 (2) (189 SE2d 915). Accord *Apostle v. Prince*, 158 Ga. App. 56, 57 (1) (279 SE2d 304).

4. In the case sub judice, the burden is on plaintiff to prove the value of the automobile at the time of repossession. *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595, supra. Plaintiff attempts to carry this burden with the affidavit of its special collections manager. He can base his opinion wholly or in part upon hearsay *so long as he has had an opportunity to form a correct opinion. Schoolcraft v. DeKalb County*, 126 Ga. App. 101, 103 (2), supra. In this respect, the affidavit of the special collections manager fails. The special collections manager based his value opinion upon a February 4, 1985, report showing the automobile to be inoperative and its interior and upholstery to be excessively worn. Defendant's affidavit shows that she voluntarily surrendered possession of the automobile on January 28, 1985. She states that at that time the vehicle was in good condition. It had no trouble starting and its interior and upholstery were not worn excessively.

It is apparent that the special collections manager did not have an opportunity to form a correct opinion as to the value of the automobile at the time of repossession. He relied on a written report which set forth the condition of the automobile one week after it was repossessed. Moreover, defendant's affidavit calls into question the accuracy of the information upon which the special collections manager relied. It follows that plaintiff failed to carry its burden of showing the value of the automobile at the time of repossession. The trial court erred in granting plaintiff's motion for summary judgment.

*Judgment reversed. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 28, 1987.

*Michael L. Murphy*, for appellant.

*Michael D. Payne, Gregson T. Haan*, for appellee.