A92A1235. BREWER v. TRUST COMPANY BANK.
(424 SE2d 74)

COOPER, Judge.

Appellee financed appellant's purchase of a vehicle, with the vehicle serving as collateral for the loan. Appellee brought this action for a deficiency judgment after repossession and sale of the vehicle.

On appeal, appellant challenges the trial court's grant of summary judgment for appellee, contending that genuine issues of material fact remain for trial.

We view the facts in the light most favorable to the appellant as the non-moving party on a motion for summary judgment. In April 1990, appellee financed appellant's purchase of a vehicle appellant had previously been leasing. Appellant gave appellee a promissory note secured by the vehicle. Throughout the period of the lease and from the time of the purchase until March of 1991, appellant made her monthly payments in a regular and timely manner. In March 1991, however, appellant lost her job and, knowing she would not be able to make the payments on the vehicle, voluntarily transferred possession of the collateral to appellee. She thought appellee accepted the collateral in full satisfaction of its claim. Although there is in the record a copy of a letter to appellant, sent by certified mail to the proper address, informing appellant that the vehicle would be sold after a specified date and that she would be responsible for any deficiency, appellant states in her affidavit that she does not recall receiving this notice. The vehicle was sold by an auction house well established in the business of selling vehicles, but a deficiency remained.

1. In her first enumeration of error, appellant contends summary judgment was improper because a question of fact exists as to whether there was an accord and satisfaction when she voluntarily transferred possession of the vehicle to appellee. An accord and satisfaction must be supported by consideration, however, see OCGA §§ 13-4-102; 13-4-103, and " '[a]n agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another.' [Cit.]" *Barnes v. Reliable Tractor Co.*, 117 Ga. App. 777, 778 (161 SE2d 918) (1968); see also *Ghitter v. Edge*, 118 Ga. App. 750, 754 (4) (165 SE2d 598) (1968). Because appellant was already legally obligated to surrender possession of the collateral upon default and appellee was legally entitled to take possession of the collateral, there could be no accord and satisfaction in this case even if we assume that appellant delivered the vehicle on the express condition that the delivery extinguish the debt. See *Hall v. Bank South*, 186 Ga. App. 860 (368 SE2d 810) (1988); *Barnes*, supra. Thus, the trial court correctly ruled that no issue of material fact remained with respect to appellant's defense of accord and satisfaction.

2. Appellant also argues that summary judgment should not have been granted because questions of fact remain regarding appellee's compliance with the statutory provision requiring that the debtor be notified of the intended disposition of the collateral. Subsection three of OCGA § 11-9-504 requires that ". . . reasonable notification of the time after which any private sale or other intended disposition is to be made *shall be sent* by the secured party to the debtor. . . ." (Em-

phasis supplied.) Appellant states in her affidavit that she does not recall receiving notice from appellee that the vehicle was to be sold after a certain date. Yet appellee has put in the record a copy of a letter sent to appellant at her proper address, by certified mail, providing appellant with the requisite notice prior to the sale. " '[T]he requirement involved is one of the creditor giving the debtor reasonable notification as distinguished from the debtor receiving such notification.' [Cit.]" *Friddell v. Rawlins*, 160 Ga. App. 44, 46 (2) (285 SE2d 779) (1981). Because the pertinent notification issue in this case is not whether appellant received or saw the notice but whether appellee properly sent it, appellant's statement in her affidavit that she does not recall seeing the notice does not suffice to create a question of fact on the issue of appellee's compliance with the notification requirement in light of appellee's documentation showing that the notice was properly sent.

3. Lastly, appellant contends that the trial court erred in rejecting on summary judgment her challenge of the commercial reasonableness of the sale and the adequacy of the price for which appellee sold the collateral. With this contention we agree. "Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral. The secured party must also prove the value of the collateral at the time of repossession and that the value of the goods does not equal the value of the debt. If this proof is not forthcoming, it is presumed that the value of the goods is equal to the amount of the debt. [Cit.]" *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595, 596 (281 SE2d 338) (1981). Appellee established that the sale was conducted in a reasonable manner through affidavit testimony that the vehicle was sold by an auction house well established in the business of selling vehicles and handling a large volume of repossessed vehicles. See *McMillan v. Bank South*, 188 Ga. App. 355, 356 (2) (373 SE2d 61) (1988). However, appellee presented no proof of the fair and reasonable value of the collateral other than the sale price the collateral brought. Even if the sale is conducted in a commercially reasonable manner, proof of the sale price is not sufficient to overcome the presumption against appellee that the value of the collateral equals the debt on it. See, e.g., *Farmers Bank v. Hubbard*, 247 Ga. 431 (276 SE2d 622) (1981); *McMillan*, supra at 356; *Zohbe v. First Nat. Bank*, 162 Ga. App. 604, 605 (1) (292 SE2d 444) (1982). "Appellee has failed to prove the value of the [collateral] at the time of the sale and that the value at that time did not equal the debt. Therefore, appellee has failed to establish that there is no genuine issue of material fact and the trial court's granting of summary judgment was in error." *Harrison v. Massey &c. Credit*

*Corp.*, 175 Ga. App. 752, 754 (1) (334 SE2d 352) (1985); accord *Bennett v. Bank of the South*, 168 Ga. App. 536 (309 SE2d 682) (1983); *Davis v. Ford Motor Credit Co.*, 164 Ga. App. 137, 138 (1) (296 SE2d 431) (1982).

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 22, 1992.

*Jack F. Witcher, Maryellen S. Mitchell*, for appellant.
*Stokes, Lazarus & Carmichael, Karl M. Terrell, Richard J. Joseph*, for appellee.