A09A0333. JOHN DEERE CONSTRUCTION & FORESTRY COMPANY v. MARK MERRITT CONSTRUCTION, INC. et al.
(678 SE2d 183)

PHIPPS, Judge.

Mark Merritt Construction, Inc., and its president Mark Merritt, (the Merritts), financed their purchase of various pieces of construction equipment through installment loans payable to John Deere Construction & Forestry Company (Deere). After the Merritts defaulted on the loan payments, Deere repossessed the pieces of equipment, sold them at private sales for less than the sums due on the loans, and then brought this suit against the Merritts for a deficiency judgment. With supporting affidavits, both sides moved for summary judgment. Finding that Deere failed to carry its burden of showing the value of the equipment at the time of its repossession

---

due to deficiencies in its supporting affidavit, the trial court awarded summary judgment to the Merritts. Deere appeals that ruling. Finding the affidavit adequate, we reverse.

"A secured party has the right to dispose of repossessed collateral at a private sale so long as every aspect of the disposition including the method, manner, time, place and terms are commercially reasonable."[1] "Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral."[2]

Value is generally proven by opinion evidence.[3]

> Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.[4]

The Merritts' motion for summary judgment was supported by affidavits of Mark Merritt and Edwin Atkinson (general manager of Atkinson Construction, LLC). In his affidavit, Merritt identified each piece of repossessed equipment. He testified that each piece of equipment was in excellent condition and good operating order when it was repossessed, so that its fair and reasonable value should have been equal to the original purchase price with minimum depreciation. He then reviewed the sales price received for each piece of equipment, noting in each instance the percentage the sales price bore to the original purchase price (the range being 39 to 55 percent). He thus opined that the equipment had a fair and reasonable value equal to or greater than the amount owed. Atkinson's affidavit testimony supported that given by Merritt as to the condition and value of the equipment, and Atkinson provided additional testimony to show that the equipment was not sold in a commercially reasonable manner.

---

[1] *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778 (1) (230 SE2d 43) (1976) (citation omitted); see OCGA § 11-9-610 (a), (b).

[2] *Brewer v. Trust Co. Bank*, 205 Ga. App. 891, 893 (3) (424 SE2d 74) (1992) (citation and punctuation omitted); see *AKA Mgmt. v. Branch Banking & Trust Co.*, 275 Ga. App. 615, 619 (2) (b) (621 SE2d 576) (2005).

[3] See *AKA Mgmt.*, supra, 275 Ga. App. at 620; compare *Padilla v. Padilla*, 282 Ga. 273, 275-276 (3) (646 SE2d 672) (2007).

[4] *Bryant v. Gen. Motors Acceptance Corp.*, 184 Ga. App. 323, 325 (2) (361 SE2d 529) (1987) (citation and punctuation omitted).

Deere's motion for summary judgment was supported by the affidavit of William Ross. At the beginning of his affidavit, Ross swore that the statements he was making therein were based upon his personal knowledge and were true and correct to the best of his knowledge and belief. In the affidavit, Ross averred, based on his training and employment by Deere and his familiarity with Deere's business records and knowledge of Deere's routine procedures, that in his opinion the sales of the repossessed equipment were conducted in a commercially reasonable manner. He also opined that the sales prices, which totaled $174,500, were fair and reasonable, based on his "experience obtained in working for [Deere] in various capacities; by reviewing files that state the price of such equipment by year, make, and model; the then existing condition on the equipment, my knowledge of published resale values for similar used equipment."

After denying Deere's motion for summary judgment, the court granted the Merritts' motion for summary judgment on the ground that the Ross affidavit does not provide "the proper foundation for admissible evidence as to the values of the equipment at the proper time." The court reasoned:

> Although Ross' training, employment and familiarity with the records and procedures of the business qualify him to give opinion evidence as to the equipment values, his affidavit is totally lacking with regard to the opportunity required to form a correct opinion as to those values. Ross does not examine the equipment but relies entirely upon his work experience, his reviewing files, and his knowledge of published resale values for similar equipment. He refers to "the then existing condition of the equipment," but he never saw the equipment and the Court finds no report of the equipment condition that he relied upon. At best, the Ross affidavit provides a conclusory statement that the cumulative resale prices months after repossession were fair and reasonable, with no factual basis as to the condition of the equipment and values at the time of repossession. Without the proper foundation, the Ross affidavit has no probative value to refute [the Merritts'] testimony as to the equipment values.

In *Bryant v. Gen. Motors Acceptance Corp.*,[5] *AKA Mgmt. v. Branch Banking & Trust Co.*,[6] and *Dowdell v. Volvo Commercial*

---

[5] Supra, 184 Ga. App. at 325 (4).
[6] Supra, 275 Ga. App. at 620-621.

*Finance*,[7] we found expert opinion testimony as to value without probative worth because it was shown that the witnesses lacked an opportunity for forming a correct opinion. In *Bryant*, the witness based his opinion of the value of a repossessed car on a report that set forth the condition of the car a week after its repossession, and evidence was submitted showing that there had been a substantial change in the condition of the car from when it had been repossessed the week before. In *AKA Mgmt.*, the witness gave an opinion as to the value of repossessed dry cleaning equipment, but the witness based his valuation of the equipment on a formula used to depreciate computer equipment, and he had never owned or operated a dry cleaning business, or purchased, sold, or appraised dry cleaning equipment. In *Dowdell*, the owners of a truck sought to prove the truck's value through an affidavit that contained no information regarding the affiant's knowledge, experience, or familiarity with the value of the truck, nor any evidence as to the reliability of the valuation method used by the affiant, and the affiant's estimation of value assumed that the mileage of the truck was substantially less than that shown by evidence of record.

This case is distinguishable from each of these cases. In this case, unlike *Bryant*, there is no evidence of any change in the condition of the collateral between the time of its repossession (in December 2001) and sale (after January 25, 2002). Unlike the testimony given by the witnesses in *AKA Mgmt.* and *Dowdell*, the testimony given by Ross in his affidavit was at least minimally sufficient to show that he had some knowledge, experience, or familiarity with the value of the property in question or similar property, and he did not use a patently flawed valuation methodology or make express assumptions as to the condition of the property contradicted by undisputed record evidence. Ross swore at the beginning of his affidavit that the statements he was making were based on his personal knowledge. Contrary to the trial court's findings, nothing Ross says in his affidavit, nor anything elsewhere in the record, shows that he did not have an opportunity to examine or see the repossessed equipment. And even if he did not personally inspect the equipment, a witness giving an opinion on value "can base his opinion wholly or in part upon hearsay so long as he has had an opportunity to form a correct opinion."[8] This constitutes a limited exception to the general rule

---

[7] 286 Ga. App. 659, 661 (649 SE2d 750) (2007).

[8] *Bryant*, supra, 184 Ga. App. at 325 (4) (citation and emphasis omitted); compare *Jones v. Orris*, 274 Ga. App. 52, 57 (2) (616 SE2d 820) (2005) (documents identified in an affidavit must be part of the record if not attached to the affidavit).

that affidavits be made on personal knowledge and that conclusory facts are inadmissible.[9]

Therefore, the trial court erred in awarding summary judgment to the Merritts based on its determination concerning the insufficiency of the Ross affidavit.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

### DECIDED MAY 11, 2009.

*Robert A. Fierman*, for appellant.
*Ronald H. Rentz*, for appellees.

---

[9] See generally *Ledford v. Darter*, 260 Ga. App. 585, 589 (2) (580 SE2d 317) (2003), citing OCGA § 9-11-56 (e).