### A10A0740. BEACHAM v. CALVARY PORTFOLIO SERVICES, LLC.
(695 SE2d 368)

DOYLE, Judge.

Andrew Beacham appeals the trial court's grant of summary judgment to Calvary Portfolio Services, LLC ("Calvary"), in a debt collection action filed by Calvary.[1] For the reasons that follow, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

So viewed, the facts presented to the trial court establish that in December 2005, Mitsubishi Motors Credit of America, Inc. ("Mitsubishi"), repossessed an automobile as the result of Beacham's alleged default on a retail installment contract signed on May 10, 2002. Thereafter, in early 2006, Mitsubishi sold the automobile at auction for $6,500, leaving a deficiency of $7,922.13 on Beacham's account. In October 2006, Mitsubishi assigned its rights to the deficiency to Calvary, which instituted the instant action to collect the amount. The trial court granted Calvary's motion for summary judgment, and Beacham now appeals.

In his single enumeration of error on appeal, Beacham contends that the trial court erred in granting Calvary's summary judgment motion because Calvary failed to produce evidence that Mitsubishi timely served him notice required pursuant to OCGA § 10-1-36 (a). We agree and reverse the trial court's order.

---

[1] Beacham timely appealed pursuant to this Court's grant of his application for discretionary appeal.

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

OCGA § 10-1-36 (a) provides in pertinent part that

> [w]hen any motor vehicle has been repossessed after default . . . , the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer.

As Beacham correctly contends, the documentary evidence presented to the trial court by Calvary contains no receipt or envelope showing that the notice letter, which is present in the record, was forwarded to Beacham by registered or certified mail or statutory overnight delivery. This Court previously has explained that failure to comply with the notice provisions of OCGA § 10-1-36 "bars recovery of a deficiency judgment."[3] Calvary attempted to remedy this lack of documentary proof by submitting the affidavit of Matteo Velardo, Jr., an employee at Calvary, who attested that "[o]n December 28, 2005, Plaintiff's assignor's employees prepared and mailed by certified mail, with sufficient postage thereon, a Notice of Repossession. . . ." Nevertheless, this Court has held "that testimony regarding the contents of business records, unsupported by the records themselves, by one without personal knowledge of the facts constitutes inadmissible hearsay."[4] Here, the business records attached to Velardo's affidavit reflect that Mitsubishi prepared a repossession notice addressed to Beacham, which was dated December 28, 2005, and was within the statutory ten-day time limit; however, the records do not evince that the notice was forwarded to Beacham in a method compliant with OCGA § 10-1-36 (a). Because Velardo's statements concerning the notice were based on his review of the records prepared by Mitsubishi and not his personal knowledge (as he did not attest to being employed at Mitsubishi at the time the notice was prepared and allegedly forwarded to Beacham), his affidavit was sufficient only to show that the notice was prepared.

Based on our de novo review,[5] we also note, although Beacham has not raised this issue, that the notice letter lists Beacham's address as a post office box, which is not the address listed for Beacham on the retail installment contract. The record before the

---

[3] *Bryant Intl., Inc. v. Crane*, 188 Ga. App. 736 (374 SE2d 228) (1988).

[4] (Punctuation omitted.) *Nyankojo v. North Star Capital Acquisition*, 298 Ga. App. 6, 10 (679 SE2d 57) (2009).

[5] See *Matjoulis*, 226 Ga. App. at 459 (1).

trial court is devoid of any evidence which shows that the notice was forwarded to the address listed on the retail installment contract or that Beacham designated the post office box as his address after signing the contract as is required by OCGA § 10-1-36 (a).[6]

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 11, 2010.

*Murphy A. Cooper*, for appellant.
*Reynolds & Robin, Sherwin P. Robin*, for appellee.

---

[6] See *Consumer Portfolio Svcs. v. Rouse*, 282 Ga. App. 314, 317 (638 SE2d 442) (2006) ("strict adherence to the terms of the statute would . . . have required [the assignee] to show that it sent the notice [required by OCGA § 10-1-36 (a)] to the address listed on the contract or that [the debtor] later designated a different address and it sent the notice to that address").