A10A2013. VERSEY et al. v. CITIZENS TRUST BANK.
(702 SE2d 479)

ELLINGTON, Judge.

Randall and Jermica Versey appeal from the order of the State Court of Gwinnett County which granted summary judgment to Citizens Trust Bank on its complaint to recover a deficiency judgment following the repossession and sale of the collateral which secured its loan, the Verseys' automobile. The Verseys contend the evidence does not support, as a matter of law, the court's finding that the bank disposed of the collateral in a commercially reasonable manner or that the bank gave the Verseys the requisite notice of its intent to pursue a deficiency judgment. For the following reasons, we affirm in part and reverse in part.

> To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion,

warrant judgment as a matter of law. Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Endsley v. Robins Fed. Credit Union*, 267 Ga. App. 512 (600 SE2d 441) (2004).

So viewed, the supplemental affidavit[1] of the bank's collection manager, Daniel Hughlett, reveals that, on December 29, 2006, the Verseys entered into a security agreement with the bank wherein the bank financed the Verseys' purchase of an automobile. About a year and a half later, the Verseys defaulted on the agreement. On August 23, 2008, the bank repossessed the Verseys' car from their home at 3855 Michaels Creekway in Loganville, where Randall Versey handed the keys to the repossession agent. Two days later, the bank sent a certified letter to the Verseys at that same home address, which was the Verseys' address of record with the bank. In the letter, the bank advised the Verseys of their redemption and sale rights and of the bank's intent to seek a deficiency balance. The Verseys did not tender the balance nor did they make a request for a public sale. Thereafter, the bank sent the car to Manheim Auto Auction, which has been in the wholesale automobile auction business for 60 years, to appraise and to auction the car. Manheim appraised the car's value at $13,750 and gave it an NAAA grade of "4.0, Clean." After making minor repairs to the car, Manheim offered it at auction. Despite three auction efforts, Manheim received no bids. The bank then sold the car to CarMax for CarMax's appraised price of $14,000. Hughlett stated that the procedure employed to sell the car, which included generating the business records that he attached to his affidavit, was in conformity with commercial practices of wholesale automobile dealers. The bank applied the sale proceeds to the Verseys' accelerated balance to obtain the deficiency amount, $17,414.96. The Verseys' sales contract and records supporting the default and balance owed as well as evidence of the bank's title to the secured collateral were also submitted as business records and considered by the court. Based upon this evidence, the bank moved for summary judgment and, after a hearing, the court granted the bank's motion.

---

[1] In support of their arguments, the Verseys rely on the original affidavit of Hughlett, the bank's collection manager, to demonstrate that the court lacked a basis for its findings. The court, however, read and relied upon the *supplemental* affidavit of Hughlett, and the attached business records, in reaching its conclusions. The Verseys ignored this affidavit in their appellate brief. In their reply brief, they argued that the court either did not consider or should not have considered the supplemental affidavit, even though they made no motion to strike the supplemental affidavit below and even though it is clear from the hearing transcript that the bank's counsel argued from it, without objection, in support of the bank's motion.

1. The Verseys contend the court erred in finding that the bank properly notified them of its intent to seek a deficiency judgment following the repossession of the car.

OCGA § 10-1-36 (a) provides, in relevant part:

> When any motor vehicle has been repossessed after default in accordance with Part 6 of Article 9 of Title 11, the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. The notice shall also advise the buyer of his or her rights of redemption, as well as his or her right to demand a public sale of the repossessed motor vehicle. . . .

A creditor's failure to comply with the notice provisions of OCGA § 10-1-36 is an absolute bar to recovery of a deficiency judgment. *Bryant Intl. v. Crane*, 188 Ga. App. 736, 736-737 (374 SE2d 228) (1988). There is no requirement that the notice be received, but only that it be sent within ten days of repossession by registered or certified mail to the address shown on the contract or later designated by the buyer. *Brack Rowe Chevrolet Co. v. Walls*, 201 Ga. App. 822, 824-825 (2) (412 SE2d 603) (1991).

Hughlett stated in his affidavit that the Verseys were notified of their rights in the bank's August 25 certified letter, a copy of which was attached to his affidavit. The letter fully sets forth the Verseys' redemption and sale rights, and the Verseys do not raise any argument concerning the sufficiency of the contents of the letter. Although the copy of the certified mail receipt provided to the court does not reveal a postmark indicating the date the letter was sent, that fact does not negate Hughlett's sworn statement that he had personal knowledge that the certified letter was sent on August 25, two days after the car was repossessed. The case upon which the Verseys rely, *Beacham v. Calvary Portfolio Svcs.*, 304 Ga. App. 37 (695 SE2d 368) (2010), is inapposite. In that case, the affiant did not have personal knowledge concerning the mailing of the notice letter. Id. at 38.

Further, the fact that the letter was not mailed to the Verseys' former address, the one listed in the sales contract, is irrelevant because the undisputed evidence showed that the bank mailed the letter to the Verseys' current and correct address. The bank maintained this address as the Verseys' address of record, which was the same address from which the car was repossessed and the same

address where the complaint was personally served upon the Verseys. The Verseys have not come forward with any evidence from which a finder of fact could infer that they resided elsewhere when the letter was sent. Given this evidence, the trial court was authorized to find that the Verseys' home address was "later designated by the buyer" as the proper address to which the notice should be sent. See *Brack Rowe Chevrolet Co. v. Walls*, 201 Ga. App. at 824-825 (2); *Veitch v. Nat. Bank of Ga.*, 159 Ga. App. 473, 473-474 (283 SE2d 686) (1981).

Because the undisputed evidence supports the court's finding that the bank complied with OCGA § 10-1-36 (a), the court did not err in entering summary judgment on this issue.

2. The Verseys also contend that the bank failed to prove, as a matter of law, that the sale of their car was commercially reasonable because the bank (1) failed to set forth facts sufficient to rebut the presumption that the value of the repossessed vehicle is equal to the amount remaining due under the contract and (2) failed to present evidence of the car's fair and reasonable value.

> Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral. The secured party must also prove the value of the collateral at the time of repossession and that the value of the goods does not equal the value of the debt. If this proof is not forthcoming, it is presumed that the value of the goods is equal to the amount of the debt. . . . [Further, even] if the sale is conducted in a commercially reasonable manner, proof of the sale price is not sufficient to overcome the presumption against appellee that the value of the collateral equals the debt on it.

(Citations omitted.) *Brewer v. Trust Co. Bank*, 205 Ga. App. 891, 893 (3) (424 SE2d 74) (1992).

As in *Brewer*, Hughlett's affidavit shows that the vehicle was sold by an auction house with extensive experience in selling vehicles and handling a large volume of repossessed vehicles, which supports a finding that the sale was made in a commercially reasonable manner. Id. See OCGA § 11-9-610 (a) ("After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing."); OCGA § 11-9-610 (b) (The disposition of the collateral must in all respects be "commercially

reasonable. If commercially reasonable, a secured party may dispose of collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms."); OCGA § 11-9-627 (b) (1)-(3) (A disposition is commercially reasonable if it is made "[i]n the usual manner on any recognized market; . . . [a]t the price current in any recognized market at the time of the disposition; or . . . [o]therwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition."). Hughlett's affidavit and the accompanying documents, however, show only the sale price of the collateral. Thus, they are insufficient to establish the fair and reasonable value of the collateral. Although the record contains two documents appraising the car, one from Manheim and one from CarMax, neither of those appraisals contains the sworn opinion testimony of a witness who states the basis for his opinion or who opines that the appraised value of the car is its "fair and reasonable" value in that particular market at the time of either the repossession or of the sale. As we have explained,

> [v]alue is generally proven by opinion evidence. Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.

(Punctuation and footnotes omitted.) *John Deere Constr. &c. Co. v. Mark Merritt Constr.*, 297 Ga. App. 743, 744 (678 SE2d 183) (2009). Absent such opinion evidence, the bank failed to prove the fair and reasonable value of the Verseys' car at the time of the repossession or of the sale and, as a consequence, it failed to prove that the value of the car at the time of the sale was less than the remaining debt owed by the Verseys under the loan. See *Brewer v. Trust Co. Bank*, 205 Ga. App. at 893-894 (3). Therefore, the bank failed to establish that there is no genuine issue of material fact as to the commercial reasonableness of the sale, and the trial court erred in granting summary judgment on this issue. Id.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 14, 2010.

*William R. Carlisle*, for appellants.

*Arnaud C. Wilson,* for appellee.