**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 8, 2013**

# In the Court of Appeals of Georgia

A13A0352. MASON LOGGING CO. v. GENERAL ELECTRIC CAPITAL CORP.

DILLARD, Judge.

Mason Logging Company ("Mason Logging") appeals the trial court's grant of summary judgment in favor of General Electric Capital Corporation ("GECC"), contending that the trial court erred in holding that there were no genuine issues of material fact for a jury and making an express determination that GECC's evidence was more credible. Because we agree with Mason Logging that genuine issues of material fact remain, we reverse the trial court's judgment in favor of GECC.[1]

---

[1] *See AKA Mgmt., Inc. v. Branch Banking & Trust Co.*, 275 Ga. App. 615, 615 (621 SE2d 576) (2005) ("Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." (punctuation omitted)).

Viewed in the light most favorable to the nonmovant,"[2] the record reflects that GECC repossessed two pieces of heavy logging equipment after Mason Logging defaulted on payments for same. GECC then resold the equipment and sought to recover the deficiency from Mason Logging. In response, Mason Logging challenged the commercial reasonableness of the equipment-sale in both its answer to GECC's complaint for breach of contract and attorney fees and in its response to GECC's subsequent motion for summary judgment.

In support of its motion for summary judgment and contention that the repossessed property was disposed of in a commercially reasonable manner, GECC submitted three affidavits from various employees.

The first affidavit, which was from an employee responsible for remarketing repossessed assets, averred that his opinion was based upon a review of business records regarding the subject equipment, including the "time, place and manner of sale"; his training and employment with GECC; his "experience, knowledge, and familiarity with the business records and routine business practices" of the company; and his "experience, knowledge and familiarity with the manner in which equipment similar to, or the same as, the collateral . . . is sold." And based upon this, he opined

---

[2] *Id.*

2

that the sale of the first piece of equipment "was conducted in conformity with reasonable commercial practices among dealers in property that is similar to, or the same as, the collateral . . . , and that the manner of sale was commercially reasonable." Additionally, based upon his "review of business records regarding the year, make, model, and condition at time of the collateral [sic] . . . and [his] knowledge of and familiarity with the resale price of used equipment similar to the collateral, including the published resale value of such equipment," the affiant further opined that the first piece of equipment was sold at a commercially reasonable price of $115,000.

The second GECC affidavit was from an employee responsible for determining the value of and disposing of repossessed collateral. And based upon the same criteria listed by the first affiant, the second affiant opined that the sale of the second piece of equipment was commercially reasonable and that it drew a commercially reasonable price of $50,000. This employee also averred that GECC had, "[u]pon repossession and in connection with its subsequent sale," assigned an "as is" value to each piece of equipment and that he agreed with those values, those being $99,000 for the first piece and $33,000 for the second piece. He further averred that GECC

3

assigned a "repaired condition" value of $37,500 to the second piece of equipment and authorized the repair of same.

Finally, GECC's third affidavit was from an employee who had access to Mason Logging's account information, and who detailed Mason Logging's default on payments for the equipment and explained what remained due after application of the proceeds from the resale, that being $41,406.02 as to the first piece of equipment and $72,592.25 as to the second piece of equipment.

In response, Mason Logging submitted the affidavit of the company's owner, who averred that he had worked in the logging industry for 22 years, had experience buying and selling heavy logging equipment, had purchased the subject equipment, and had personal experience inspecting and operating the subject equipment after purchase. And based on his "training and experience in the logging industry and [his] personal knowledge of the condition" of the equipment, he opined that the value of the pieces at the time of sale was $160,000 for the first and $90,000 for the second. Accordingly, Mason Logging contended that the sale of the equipment did not bring its full value.

After considering the above evidence, the trial court granted summary judgment in favor of GECC, determining that the sale of the equipment was

4

commercially reasonable as a matter of law because "[s]imply providing a conflicting opinion as to value is not sufficient to create a material issue of fact." And as an aside, the trial court commented that Mason Logging's owner made an "unreasonable assertion" when he opined that the first piece of equipment was valued in used condition at $160,000 when it had been purchased in new condition more than a year before at $180,000, and the trial court accordingly "[found] the value evidence furnished by [GECC] to be more credible." Ultimately, the trial court concluded that Mason Logging's "assertion that summary judgment should be precluded because it contends the equipment could have been sold for a better price through sale at a different time or through a different method than that selected by [GECC] is not sufficient." This appeal by Mason Logging follows.

Mason Logging argues in two separate enumerations that the trial court erred in holding that there were no genuine issues of material fact to be resolved by the fact finder and by making a credibility determination regarding Mason Loggin's affidavit.[3] We agree that the trial court erred by concluding that there were no genuine issues of material fact and address these enumerations together.

---

[3] We note that although Mason Logging's brief contains only one listed enumeration of error, the argument section of the brief actually contains two, as stated *supra*.

5

To begin with, we note that every aspect of a disposition of collateral, "including the method, manner, time, place, and other terms, must be commercially reasonable."[4] A disposition is made in a commercially reasonable manner if done "[i]n the usual manner on any recognized market; . . . [a]t the price current in any recognized market at the time of the disposition; or . . . [o]therwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition."[5] And while it is normally a question of fact, "the commercial reasonableness of the sale of collateral may be determined as a matter of law [when] the creditor offers prima facie, uncontradicted evidence that the sale was reasonable."[6] Thus, to avoid a grant of summary judgment in favor of the secured party, "the debtor must support his challenge to the sale by presenting evidence of specific facts to show the existence of a genuine issue for trial."[7]

---

[4] OCGA § 11-9-610 (b).

[5] OCGA § 11-9-627 (b) (1)-(3).

[6] *Southeast Recovery Servs., LLC v. Northen*, 255 Ga. App. 516, 519 (1) (565 SE2d 861) (2002).

[7] *Id.*

6

When the commercial reasonableness of a sale is challenged by a debtor, "the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable *and* that the resale price was the fair and reasonable value of the collateral."[8] Additionally, the secured party must also "prove the value of the collateral at the time of repossession and that the value of the goods does not equal the value of the debt."[9] And if this proof is not forthcoming, "it is presumed that the value of the goods is equal to the amount of the debt."[10] Finally, the fact that a better price could have been obtained "by a sale at a different time or in a different

---

[8] *Brewer v. Trust Co. Bank*, 205 Ga. App. 891, 893 (3) (424 SE2d 74) (1992) (emphasis supplied) (punctuation omitted); *accord Versey v. Citizens Trust Bank*, 306 Ga. App. 479, 482 (2) (702 SE2d 479) (2010); *see also Vines v. Citizens Trust Bank*, 146 Ga. App. 845, 848 (4) (247 SE2d 528) (1978) (holding that secured party cannot establish its burden "without establishing affirmatively that the 'terms' of the sale were commercially reasonable" and that "[t]his includes a burden upon the secured party to show that the resale price was the fair and reasonable value of the collateral"); *Granite Equip. Leas. Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778, 779 (1) (230 SE2d 43) (1976).

[9] *Brewer*, 205 Ga. App. at 892 (3) (punctuation omitted); *accord Versey*, 306 Ga. App. at 482 (2).

[10] *Brewer*, 205 Ga. App. at 892 (3) (punctuation omitted); *accord Versey*, 306 Ga. App. at 482 (2).

method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner."[11]

As to the issue of the value of the collateral, it is well established that "value is generally proven by opinion evidence."[12] And for such evidence to have probative value, it must be based upon "a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion."[13]

Here, although the trial court characterized Mason Logging's argument against summary judgment as asserting "that summary judgment should be precluded because . . . the equipment could have been sold for a better price through sale at a different time or through a different method than that selected by [GECC]," this was incorrect. Instead, Mason Logging argued that there was a question of fact as to whether the resale price was the fair and reasonable value of the collateral, which GECC was

---

[11] *Granite Equip. Leas. Corp.*, 139 Ga. App. at 778 (1).

[12] *Versey*, 306 Ga. App. at 483 (2) (punctuation omitted).

[13] *Id.* (punctuation omitted).

required to establish as part of its burden to prove commercial reasonableness.[14] And the trial court cited nothing to support its bare contention that "[s]imply providing a conflicting opinion as to value is not sufficient to create a material issue of fact" before stating that it found GECC's value-opinion evidence more credible.

Indeed, in contrast with the trial court's determination, conflicting evidence of value can be sufficient to overcome summary judgment so long as the opinion evidence has probative value.[15] And we note that here, unlike in previous cases that have appeared before this Court, the trial court did not determine that Mason Logging's affidavit was insufficient for lack of probative value.[16] Instead, the trial

---

[14] *See supra* note 8.

[15] *See John Deere Constr. & Forestry Co. v. Mark Merritt Constr., Inc.*, 297 Ga. App. 743, 746 (678 SE2d 183) (2009) (holding that subject affidavit was "at least minimally sufficient to show that [the affiant] had some knowledge, experience, or familiarity with the value of the property in question or similar property, and he did not use a patently flawed valuation methodology or make express assumptions as to the condition of the property contradicted by undisputed record evidence"); *Hill v. Fed. Employees Credit Union*, 193 Ga. App. 44, 47 (2) (d) (386 SE2d 874) (1989) (holding that affidavits by non-experts "must be based upon a foundation that the witness has some knowledge, experience, or familiarity with the value of the property in question or similar property and she must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion" (punctuation omitted)).

[16] *Compare Dowdell v. Volvo Commercial Fin., LLC*, 286 Ga. App. 659, 661 (649 SE2d 750) (2007) (holding that affidavit lacked probative value when it

9

court found GECC's evidence "more credible." But in the case *sub judice*, Mason Logging's owner gave his opinion as to the value of the equipment, which was based on 22 years in the logging industry, his experience buying and selling heavy logging equipment, his purchase of the subject equipment, his personal experience inspecting and operating the subject equipment, his "training and experience in the logging industry," and his "personal knowledge of the condition" of the equipment.[17] And viewed in the light most favorable to Mason Logging, this lay-opinion evidence was sufficient to preclude summary judgment.[18]

---

"contained no information regarding [affiant's] knowledge, experience, or familiarity with the value of the vehicle"); *AKA Mgmt*, 275 Ga. App. at 620-21 (2) (b) (agreeing with trial court's conclusion that "opinion lacked probative value and was inadmissible, as it amounted to nothing more than an unsupported conclusion or guess"); *Monroe v. Hyundai Motor Am., Inc.*, 270 Ga. App. 477, 479 (606 SE2d 894) (2004). *Cf. Northen*, 255 Ga. App. at 520 (1) (holding that speculative testimony as to value "was not legally sufficient to disprove" that amount brought at sale was commercially reasonable).

[17] *See Hill*, 193 Ga. App. at 47 (2) (d) (holding that affidavits by non-experts "must be based upon a foundation that the witness has some knowledge, experience, or familiarity with the value of the property in question or similar property and she must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion" (punctuation omitted)).

[18] *See id.* ("Giving appellant as respondent the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence, we find that appellant's affidavit meets the requirements for lay opinion as to value, sufficiently rebutting the evidence offered by appellee as to value to create a genuine issue of

Accordingly, for all the foregoing reasons, we reverse the trial court's grant of summary judgment.

*Judgment reversed. Andrews, P. J., and McMillian, J., concur.*

---

material fact for resolution by a jury." (citation omitted)); *Gilbert v. Farmers & Merchants Bank*, 192 Ga. App. 700, 702 (1) (385 SE2d 782) (1989) ("[T]here exists a genuine issue of material fact as to whether the sale price equalled the fair market value of the equipment, and consequently, whether appellee was entitled to a deficiency judgment and, if so, in what amount."). *Cf. Johnson v. Rooks*, 116 Ga. App. 394, 396-97 (1) (157 SE2d 527) (1967) (holding that opinion evidence as to value had sufficient foundation to be considered by jury).