**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 30, 2015**

# In the Court of Appeals of Georgia

A15A0397. PARRISH v. CHRYSLER FINANCIAL SERVICES
    AMERICAS, LLC.

MCFADDEN, Judge.

John T. Parrish appeals the grant of summary judgment to Chrysler Financial Services Americas, LLC, in its suit for a deficiency judgment. Because the record is devoid of evidence that Chrysler satisfied all of the statutory notice provisions of OCGA § 10-1-36 (a), which are required for Chrysler to recover a deficiency judgment against Parrish, we reverse.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga.

491 (405 SE2d 474) (1991). This court applies a de novo review to a grant of summary judgment, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant. *Versey v. Citizens Trust Bank*, 306 Ga. App. 479-480 (702 SE2d 479) (2010).

So viewed, the evidence showed that Chrysler repossessed a vehicle as the result of Parrish's alleged default on a retail installment contract with Chrysler's predecessor-in-interest. (Parrish denied that he was in default.) Chrysler subsequently sent Parrish by certified mail a notice of its intention to pursue a deficiency claim. Chrysler sold the vehicle at auction for less than the balance due on Parrish's account, leaving a deficiency. Chrysler brought this action to recover that deficiency.

Parrish correctly argues that nothing in this evidence establishes the date on which Chrysler repossessed his vehicle. The only reference in the record to the date of repossession occurs, without citation to evidence, in Chrysler's portion of a consolidated pre-trial order.

The specific date of repossession is critical to determining whether Chrysler met the statutory notice requirements for obtaining a deficiency judgment following repossession. OCGA § 10-1-36 (a) provides in pertinent part:

When any motor vehicle has been repossessed after default . . . , the seller or holder shall not be entitled to recover a deficiency against the buyer unless *within ten days after the repossession* he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer.

(Emphasis supplied.) Without establishing the date of repossession, Chrysler cannot show that it timely sent the required notice.

Chrysler argues that the burden fell on Parrish to produce evidence of the date of repossession to avoid summary judgment. This is incorrect. A plaintiff seeking summary judgment "has the burden of presenting evidence to support [its] claim[.]" *State of Georgia v. Rozier*, 288 Ga. 767, 768 (707 SE2d 100) (2011) (citations omitted). Satisfaction of the statutory notice provisions is an essential element of Chrysler's claim for a deficiency judgment. See *Versey*, 306 Ga. App. at 481 (1) ("A creditor's failure to comply with the notice provisions of OCGA § 10-1-36 is an absolute bar to recovery of a deficiency judgment.") (citation omitted); *Beacham v. Calvary Portfolio Svcs.*, 304 Ga. App. 37, 38 (695 SE2d 368) (2010) (same). Because Chrysler did not present evidence to show that it satisfied the notice requirements of OCGA § 10-1-36, it was not entitled to summary judgment. See *Beacham*, 304 Ga.

3

App. at 37 (reversing trial court's grant of summary judgment to plaintiff seeking deficiency judgment because plaintiff failed to produce evidence that its predecessor-in-interest timely served defendant notice required under OCGA § 10-1-36).

*Judgment reversed. Ellington, P. J., and Dillard, J., concur.*